[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Galene Papadopoulos, filed a one count amended complaint against the defendant, General Accident Insurance Company of America, seeking uninsured and underinsured motorist coverage for injuries she suffered when she was involved in an automobile accident with a hit and run driver. The defendant filed three special defenses which allege that: (1) the recovery of the plaintiff is limited to the limit of the defendant's auto insurance policy; with the owner of the vehicle that plaintiff was driving; (2) the defendant is entitled to a credit for any basic medical reparations paid to the plaintiff; and (3) the defendant is entitled to a credit for any workers' compensation benefits paid to the plaintiff and any medical bills paid by any health insurance carrier or pursuant to disability insurance.
The plaintiff has filed a motion (#110) to strike the defendant's second and third special defenses. Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defenses contained therein that party may do so by filing a motion to strike the contested pleading or part thereof." In considering a motion to strike, the court is "limited to considering the CT Page 4380 grounds specified in the motion." Kopsick v. Yale University,6 Conn. L. Rptr. 895 (June 24, 1992, Maiocco, J.), quoting Meredithv. Police Commissioner of Town of New Canaan, 182 Conn. 138,438 A.2d 27 (1980).
The plaintiff argues that the defendant's second special defense, which asserts a credit or "set-off" for basic reparation benefits, is not a proper special defense because no independent debt exist. The plaintiff further argues that the third special defense, which asserts a reduction of any award that is received by the plaintiff for certain credits, is also not a proper special defense because it does not defeat the plaintiff's cause of action. Accordingly, the plaintiff argues that the second and third special defenses should be stricken.
In opposition, the defendant argues that the special defenses are limitations on the defendant's liability in accordance with the terms of the insurance policy issued by the defendant to the plaintiff, and therefore in accordance with Bennett v. AutomobileInsurance Co. of Hartford, 230 Conn. 795, 646 A.2d 806 (1994), they are proper special defenses.
"The Superior Courts of this State have been divided with respect to the propriety of pleading the existence of collateral source payments and defendant's right to a credit for such sums received." Wanciak v. Yale, 12 Conn. L. Rptr. 219, 220 (July 15, 1994, Skolnick, J.).
Nevertheless, in Bennett, an action to recover proceeds under the uninsured motorist provision of an automobile insurance policy issued by the defendant, the Connecticut Supreme Court held that "an insurer should raise issues of policy limitations, even when undisputed, by special defense." Bennett v. Automobile InsuranceCo. of Hartford, supra, 230 Conn. 806. In Morgan v. WindsorInsurance Co., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 317202 (January 20, 1995, Freedman, J.), the court held that "[b]ecause of the holding in Bennett, Windsor must plead the contract limits as a special defense" and denied the motion to strike the defendant's special defenses which alleged reductions in the recovery of the plaintiff for sums received from people responsible for the injury, workers' compensation or disability benefit settlements, basic reparation benefits and collateral sources. See also Boyle v. Peerless Insurance Co.,9 CSCR 740 (June 16, 1994, Martin, J.); Palmieri v. Nationwide MutualInsurance Co., 11 Conn. L. Rptr. 88 (February 15, 1994, Corradino, CT Page 4381 J.).
Accordingly, the plaintiff's motion to strike is denied because the defendant's second and third special defenses allege limitations of the defendant's contractual liability. See Bennett v. AutomobileInsurance Co. of Hartford, supra, 230 Conn. 906; Morgan v.Windsor Insurance Co., supra.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of April, 1995.
WILLIAM BURKE LEWIS, JUDGE