[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES #104
CT Page 339-G
On September 29, 1994, the plaintiff, Michael Morgan, filed a two count complaint against the defendants, Windsor Insurance Company (Windsor) and Carmen Abreugeigel. Morgan alleges that on November 25, 1992, Abreugeigel caused injuries to Morgan when Abregueigel's motor vehicle struck a vehicle operated by Morgan. Morgan further alleges that Abreugeigel did not maintain adequate insurance on his vehicle to compensate Morgan for his injuries. Count one alleges that Windsor, Morgan's insurance company, must compensate him for his injuries because Abreugeigel is an uninsured or underinsured motorist. Count two alleges that Abreugeigel's negligence caused Morgan's injuries.
On November 7, 1994, Windsor filed an answer and seven special defenses to the first count. Windsor's second special defense alleges that "[u]nder the terms and conditions of said policy, any limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." Windsor's third CT Page 339-H special defense alleges that "[u]nder the terms and conditions of said policy, any limit of liability shall be reduced by all sums paid or payable because of the bodily injury under workers' compensation law, disability benefits law or similar law." Windsor's fourth special defense alleges that "[u]nder the terms and conditions of said policy, any amount otherwise payable for damages under said coverage shall be reduced by all sums paid or payable under any basic reparations benefits applicable for the same elements of law." Windsor's fifth special defense alleges that "[u]nder the terms and conditions of the policy, the defendant is entitled to a credit, deduction or set-off for any amounts paid or payable as collateral sources, defined in Connecticut General Statutes § 52-225b, et seq." On November 18, 1994, Morgan filed a motion to strike Windsor's second, third, fourth and fifth special defenses on the ground that they allege collateral source payments, which under Practice Book § 195A are improper as special defenses. Morgan included a memorandum in support of its motion to strike. On December 9, 1994, Windsor filed a memorandum in opposition.
"Whenever any party wishes to contest . . . (5) the legal CT Page 339-I sufficiency of any answer to any complaint, counterclaim, or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3 (1991), quoting Practice Book § 152. See also Nowak v. Nowak,175 Conn. 112, 116, (1978). In ruling on a motion to strike special defenses, the court should "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, (1992).
Morgan argues in his memorandum in support that Windsor's second, third, fourth and fifth special defenses seek a reduction of liability for payments made by collateral sources, and are therefore improper pursuant to Practice Book § 195A. Practice Book § 195A provides that "[n]o pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in Conn. Stat., §§ 52-225a[1] and52-225b[2]." To support his argument, Morgan cites Wicke v. AetnaCT Page 339-JCasualty Surety Co., 11 Conn. L. Rptr. 421 (1994) (Fuller, J.)
Windsor argues that Bennett v. Automobile Insurance Companyof Hartford, 230 Conn. 795 (1994) mandates that it plead defenses available to it under the contract. Windsor also argues that each of the special defenses have been recognized as valid defenses.
"[H]enceforth an insurer should raise issues of policy limitation, even when undisputed, by special defense." Bennettv. Automobile Ins. Co. of Hartford, supra, 230 Conn. 806.
Each special defense alleges a defense that Connecticut has recognized. The second special defense alleges that Windsor can deduct sums that Morgan receives from other people who are responsible for the injury. Windsor is permitted to contract for this reduction. General Statutes § 38a-336(b). The third special defense is proper because Connecticut allows insurance companies to contract to reduce underinsured motorist benefits by the amount of a Workers' Compensation or disability benefit CT Page 339-K settlement. Wilson v. Security Ins. Co., 213 Conn. 532, 538, (1990), cert. denied, 498 U.S. 814, 111 S.Ct. 52,112 S.Ct. 640, 116 L.Ed.2d 658.
The fourth special defense alleges that the insurance contract allows Windsor to subtract the basic reparations benefits. This reduction is permitted under § 38a-334-6(d)(3). See Dugas v. Lumbermens Mutual Casualty Co., 217 Conn. 631, 647, (1991).
The fifth special defense alleges that the insurance contract allows Windsor to reduce its payments to Morgan by the amount Morgan receives from collateral sources under General Statutes § 52-225b et. seq. The Connecticut Supreme Court has permitted this contractual agreement. Smith v. Safeco Ins. Co.of America, 225 Conn. 566, 574, (1993).
Because of the holding in Bennett, Windsor must plead the contract limits as a special defense. Although allowing Windsor to plead collateral sources seems to disregard Practice Book § 195A, the Connecticut Supreme Court's statement in Bennett
CT Page 339-L mandates the result for count one, the underinsurance motorist action.[3] Other superior court cases have reached the same result. Boyle v. Peerless Ins. Co., 9 CSCR 740 (1994) (Martin, J.); Palmieri v. Nationwide Mutual Ins. Co.,11 Conn. L. Rptr. 88 (1994) (Corradino, J.).
Accordingly, the motion to strike the special defenses is denied.[3]