[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Gore (Gore), instituted this action against the Allstate Insurance Company (Allstate), seeking underinsurance benefits for injuries arising from a motor vehicle accident with one Bruce Cronk. Prior to this action, Gore settled with Cronk's insurance company for $20,000, the full amount of the policy.
On November 26, 1995, Allstate filed a revised answer and three special defenses. In the first special defense, it seeks a setoff of any basic reparations benefits it has paid to Gore from any award to which Gore may be found to be entitled. In the second special defense, it seeks a reduction of any amount Gore may be entitled to on the basis of workers' compensation benefits or disability benefits paid to Gore. In the third special defense, it states that in the event Gore is found to be entitled to damages, "the award is limited to the applicable policy limits of the Plaintiff's policy with the Defendant less all applicable credits as claimed in the First and Second Special Defenses stated above."
On December 6, 1995, Gore moved to strike Allstate's first and third special defenses on the ground that they are improper CT Page 4321 because they seek a reduction in the plaintiff's damages by virtue of collateral source benefits. Gore argues that Practice Book Sec. 195A prohibits reference in a pleading to collateral source payments described in sections 52-225a and 52-225b of the General Statutes. In response, Allstate argues that the Supreme Court's decision in Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 806, requires that an insurance company plead limitations of the applicable policy by special defense even when such limitations are undisputed.
"A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense." GatewayBank v. Herman, Superior Court, judicial district of Danbury at Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.); Practice Book Sec. 152(5). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73;Bennett v. Automobile Ins. Co. of Hartford, supra, 802; Practice Book Sec. 164.
In Bennett, the issue was whether the defendant's failure to plead as a special defense (1) the policy limits of the plaintiff's insurance policy or (2) a prior settlement of the defendant with another party precluded the trial court from reducing the amount of the plaintiff's award by those amounts. The court concluded that it did not, noting that the plaintiff had had ample notice of the policy limits and prior settlement through her own pleadings and through pretrial proceedings. The court then remarked that we take this opportunity to hold that henceforth an insurer should raise issues of policy limitation, even when undisputed, by special defense.
In addition to Bennett, Gore relies on Hilbert v. AmericanFinancial Corp., Superior Court, judicial district of Litchfield, Docket No. 66333 (August 11, 1995, Pickett, J.), wherein the court held that under the Bennett holding, the insurer is not required to plead collateral source payments as a special defense since such payments do not raise an issue of policy limitation but instead relate to recoverable damages.
This court is satisfied that the Hilbert court's analysis is indeed the correct one, and that Allstate's first and third special defenses should, therefore, be stricken. The language inBennett requiring "issues of policy limitation" to be specially CT Page 4322 pleaded refers not to matters of reduction or reimbursement, but rather to specific policy defenses such as, inter alia, the policy holder's lack of cooperation, failure to pay premiums, late notice, or unauthorized use of an insured vehicle.
Section 195A of the Practice Book provides that no pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in sections 52-225a and52-225b of the General Statutes. At least one court has noted that the Supreme Court's decision in Bennett "appears to limit the scope of Sec. 195A only for uninsured or underinsured motorist actions." Morgan v. Windsor Ins. Co.,13 Conn. L. Rptr. 415
(January 20, 1995, Freedman, J.). Using the Morgan analysis, Bennett is consistent with Sec. 195A, since policy defenses which limit the insurance company's liability are still properly pleaded as special defenses, while issues of reduction or reimbursement — truly "collateral sources" covered by sections52-225a and 52-225b of the General Statutes — are not properly the subject of a special defense.
Moreover, issues of reduction or reimbursement are not properly raised by special defense in any event, since they do not meet the definition of a special defense. As noted above, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, supra, 472-73; Bennett v. Automobile Ins. Co. ofHartford, supra; Practice Book Sec. 164.
Under this analysis, an "issue of policy limitation" which addresses the insurance company's liability, such as failure to pay premiums or late notice of claim, would properly be the subject of a special defense. However, issues of reduction or reimbursement do not address the insurance company's liability to the plaintiff and, as such, are not proper special defenses. SeeUnion Savings Bank v. Barry, Superior Court, judicial district of Danbury at Danbury, Docket No. 320962 (March 14, 1996, Moraghan, J.) (holding that plaintiff's failure to mitigate damages is not properly the subject of a special defense since it does not address the insurance company's liability).
It should be noted that pursuant to sections 52-225a and 52-225b, persons found liable to an injured party are automatically entitled to a setoff from a damage award for collateral sources paid to the injured party. However, the Supreme Court, in SmithCT Page 4323v. Safeco Ins. Co. of America, 225 Conn. 566, 570, held that sections 52-225a and 52-225b do not apply to underinsurance actions to reduce the amount of insurance coverage available to claimants, although any collateral sources paid to an underinsurance claimant will reduce the total amount of damages the claimant may collect. Thus, although an insurance company may still be liable to the claimant for the full amount of underinsurance coverage, the claimant may not receive, by way of settlement, insurance benefits or other collateral sources, an award greater than the amount of damages actually sustained.
In accordance with the foregoing, the motion to strike Allstate's first and third special defenses, is granted. Perhaps appellate review of this decision will provide the opportunity to clarify the meaning of "issues of policy limitation" as used in Bennett with respect to pleading such issues in special defenses to an underinsurance action.
MORAGHAN, J.