[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mary Wiacek, brings this action in two counts, arising out of an automobile accident which occurred on October 22, 1994 on Interstate 787, Albany, New York.
Her vehicle was struck by a vehicle owned by one Frank Berry and operated by one Janice Krystallis.
The insurance company covering the Berry vehicle paid the full limits of its policy — $25,000, and the insurance carrier for the operator, Janice Krystallis, also paid its full limits of liability — $10,000.
The first count of the substitute complaint, dated May 5, 1998, claims defenses, claiming that the defendant seeks a reduction for collateral source payments, pursuant to §§ 52-225a
and 52-225b of the Connecticut General Statutes.
The defendant further relies upon Practice Book § 10-78, which states:
 No pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in General Statutes § 52-225a and § 52-225b.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138,142 (1989). It admits all well pleaded facts, and the court must construe facts alleged in a pleading in a manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278
(1988); Amodio v. Cunningham, 182 Conn. 80, 82 (1980); CT Page 8061Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988).
The definition of collateral sources referenced in Practice Book § 10-78 seems to exclude workers' compensation benefits.Palmieri v. Nationwide Mutual Insurance Company,11 Conn. L. Rptr., 88, 89 (1994) (Corradino, J.).
Furthermore, the specific terms of § 52-225b provide that collateral sources "do not include amounts received by a claimant as a settlement."
The Connecticut Supreme Court, exercising its supervisory authority over the administration of justice, has held that an insurer should raise issues that the plaintiff is entitled to receive underinsured motorist benefits pursuant to a policy of insurance issued by the defendant, Safeco Insurance Company of America, Inc.
Count two sets forth a claim for breach of contract based upon the defendant's alleged failure to pay basic reparations benefits under the applicable policy.
On May 13, 1998, the defendant filed an answer to the substitute complaint, including in that answer six special defenses as to count one, and a single special defense addressed to count two.
In the special defense applicable to count one, the defendant seeks to plead the following:
1. The policy limit of $100,000 as the limits of its contractual liability.
2. An offset or credit for no fault benefits paid.
3. An offset or credit for moneys paid by or on behalf of the responsible tortfeasor.
4. A credit for any workers' compensation benefits paid.
5. An offset or credit for disability insurance benefits paid.
6. An offset or credit for health insurance benefits paid. CT Page 8062
The plaintiff seeks to strike paragraphs 2 through 6 of the special of policy limitation, even if undisputed, by way of a special defense, although the special defense pleading should not be submitted to the jury. Bennett v. Automobile Insurance Companyof Hartford, 230 Conn. 795, 806 (1994).
By pleading policy limitations by way of special defense, both the court and the opposing party are on notice as to any policy limitations. Bennett v. Automobile Insurance Company ofHartford, supra, 806; Fahey v. Safeco Insurance Company ofAmerica, 49 Conn. App. 306, 311 (1998).
Although allowing the defendant to allege the payment of collateral sources by way of special defense seems inconsistent with Practice Book § 10-78, the Supreme Court's supervisory mandate in Bennett requires that result. Morgan v. Windsor,13 Conn. L. Rptr. 415, 416 (1995) Freedman, J.).
Any prejudice occasioned by this procedure is easily rectified through the granting of a motion in limine to prevent the introduction to the jury of any information which the panel should not consider, while allowing the court to consider and apply the information to reduce a jury verdict. Fahey v. SafecoInsurance Company of America, supra, 314.
In this way, the jury would be free to discharge its only function in an underinsured motorist case; assigning the appropriate level of damages arising from the actions of the responsible tortfeasor. Bennett v. Automobile Insurance Companyof America, supra, 802 n. 15.
The plaintiff's motion to strike the defendant's special defenses is denied.
Radcliffe, J.