JOHN BENNETT ET AL. *v.* AUTOMOBILE INSURANCE
COMPANY OF HARTFORD
(14855)

CALLAHAN, BORDEN, BERDON, KATZ and PALMER, Js.

Argued March 31—decision released August 16, 1994

*Peter T. Fay*, for the appellant (defendant).

*David N. Rosen*, with whom was *Barbara Goren*, for the appellee (plaintiff Lori Misura).

PALMER, J. This certified appeal requires us to decide whether the Appellate Court properly reversed the judgment of the trial court ordering a remittitur.[1] We granted the petition of the defendant, Automobile Insurance Company of Hartford, for certification to appeal from the judgment of the Appellate Court,[2] and now reverse.

---

[1] *Bennett* v. *Automobile Ins. Co. of Hartford*, 32 Conn. App. 617, 630 A.2d 149 (1993).

[2] We granted the defendant's petition for certification to appeal limited to the following questions: (1) "Whether the Appellate Court was correct in holding that General Statutes § 38a-336 does not limit the amount of the plaintiff's recovery to the amount of the limits of liability in the insurance policy less the amount paid by the defendant in settlement to a co-plaintiff?" (2) "Whether the Appellate Court was correct in holding that an insurer, in order to take advantage of a limitation of liability in an insur-

The relevant facts and procedural history are as follows. The plaintiffs, Lori Misura and John Bennett,[3] were injured in an automobile accident with an unidentified hit-and-run driver while they were traveling in Misura's automobile in New Haven.[4] They brought this action against the defendant to collect uninsured motorist benefits under Misura's insurance policy with the defendant. Under the terms of the policy, the defendant was obligated to pay damages for bodily injuries sustained by the occupants of Misura's vehicle that they would have been legally entitled to recover from the owner or operator of an uninsured motor vehicle.[5] The policy expressly limited the defendant's liability, however, to $100,000 for any one accident, regardless of the number of covered persons injured.[6]

ance policy, must plead the policy limits as a special defense where there is no reference to the policy limits in the complaint?" and (3) "Whether the Appellate Court was correct in holding that in an uninsured motorist action in which there are two plaintiffs seeking recovery under a single policy and one plaintiff settles his claim before trial, the defendant must plead the payment of the settled claim as a special defense?" *Bennett* v. *Automobile Ins. Co. of Hartford*, 228 Conn. 909, 635 A.2d 1228 (1993).

[3] This action was originally brought by Lori Misura and John Bennett, the named plaintiff. Bennett withdrew his claim prior to trial, however, and is not a party to this appeal. References in this opinion to the plaintiffs include both Bennett and Misura.

[4] Misura was driving her automobile and Bennett was a passenger when the accident occurred.

[5] Both Misura, as the policyholder, and Bennett, as a passenger in her automobile, qualified for uninsured motorist benefits under the terms of Misura's policy with the defendant.

[6] The limits of liability clause in the insurance contract provided in relevant part: "Limit of Liability . . . .

"B. If a single limit of liability for bodily injury liability is shown in the Declarations for this coverage, this is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. . . .

"C. The applicable limit of liability [$100,000] . . . is the most we will pay regardless of the number of:

"1. Covered persons;

"2. Claims made;

"3. Vehicles or premiums shown in the Declarations; or

"4. Vehicles involved in the auto accident. . . ."

The complaint originally filed by the plaintiffs made specific reference to the insurance policy and its limit of $100,000 in uninsured motorist coverage. The defendant filed a request to revise the complaint to delete any reference to the limit of $100,000 uninsured motorist coverage of the policy on the grounds that it was irrelevant to any jury issue and that its disclosure would unduly prejudice the defendant. The plaintiffs did not object to the defendant's request to revise and, accordingly, filed an amended complaint that contained no reference to the policy's limits of uninsured motorist coverage.

The plaintiffs moved for summary judgment on the issue of liability. The trial court granted the motion, without opposition. Shortly thereafter, the defendant and Bennett agreed to a settlement of his claim against the defendant for $37,115, and Bennett thereupon withdrew his action.

The defendant filed a motion in limine seeking to preclude Misura from introducing any evidence at trial of the policy limits or the amount of insurance coverage available under the policy. The motion, unopposed by Misura, was granted by the trial court. Misura's action against the defendant then proceeded to trial on the issue of damages. On May 6, 1992, the jury returned a verdict for her in the amount $92,000, and the trial court accepted the verdict and rendered judgment in accordance therewith.

On May 28, 1992, the defendant filed a motion to open the judgment and for a remittitur pursuant to Practice Book §§ 325 and 326[7] and General Statutes

---

[7] Practice Book § 325 provides: "REMITTITUR WHERE JUDGMENT TOO LARGE

"If any judgment is rendered, by mistake or clerical error, for a larger sum than is due, the excess may be remitted by the party recovering the judgment, at any time, reasonable notice being first given to the adverse

§ 52-228.[8] The defendant claimed that the undisputed terms of the policy and General Statutes § 38a-336 (b)[9] required a reduction of the judgment obtained against it by Misura so that the defendant's total payments to the plaintiffs under the policy did not exceed $100,000.

After a hearing on the motion on July 7, 1992, the trial court concluded that the defendant's total liability to the plaintiffs under the terms of the policy was $100,000. The court further concluded that because the defendant's prior payments to the plaintiffs[10] totaled

---

party or his attorney; and the court may thereupon order the record of such judgment to be corrected, and affirm the same for the amount to which it has been remitted."

Practice Book § 326 provides: "SETTING ASIDE OR OPENING JUDGMENTS

"Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.

"Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court."

[8] General Statutes § 52-228 provides: "If any judgment is rendered, by mistake or clerical error, for a larger sum than is due, the party recovering the judgment may have the amount of the judgment decreased by remittitur to the amount which is due, provided reasonable notice has been given to the adverse party or his attorney. The court may thereupon order the record of the judgment to be corrected, and affirm the judgment for the amount to which it has been decreased."

[9] General Statutes § 38a-336 (b) provides: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage."

[10] The defendant had not tendered the $37,115 settlement payment to Bennett prior to the July 7, 1992 hearing. At the hearing, however, the defendant testified that it had withheld payment to Bennett only because of the dispute concerning the $92,000 judgment in favor of Misura. The

$38,598.89,[11] only $61,401.11 remained available. Accordingly, the trial court granted the defendant's motion to open the judgment and for a remittitur[12] in the amount of $38,598.89, and rendered a corrected judgment for the plaintiff of $61,401.11, plus interest.

Misura appealed to the Appellate Court, which reversed the judgment of the trial court and remanded the case to that court with direction to reinstate the verdict in full, subject only to a reduction for collateral source payments made to or on behalf of Misura. On appeal to this court, the defendant claims that the Appellate Court was incorrect when it directed the trial court to reinstate the jury's verdict. We agree with the defendant.

We begin our analysis of the defendant's claim[13] with a review of § 38a-336 (b). Section 38a-336 (b) requires that an insurer pay its insured up to the limits of the policy's uninsured motorist coverage after the liability limits of all other applicable insurance policies have been exhausted by payment of judgments or settlements. This statutory subsection, together with the other provisions of the uninsured motorist statute, § 38a-336, reflects the public policy of this state to afford a personal injury claimant access to insurance

trial court expressed its satisfaction with the reason given by the defendant for the delay in payment, and indicated that payment was to be made upon the court's resolution of the dispute. We were informed at oral argument that the defendant paid Bennett in full on July 7, 1992, immediately after the trial court rendered its corrected judgment.

[11] In addition to its settlement with Bennett in the amount of $37,115, the defendant had paid Misura $1483.89 in no fault benefits, for a total of $38,598.89.

[12] The trial court also stated that its failure to have conducted a hearing on the issue of collateral source payments prior to rendering judgment for Misura in the amount of $92,000 was a "mistake" that warranted the opening of the judgment as requested by the defendant.

[13] Under the circumstances of this case, the issues raised by the three certified questions; see footnote 2; are so closely related that we discuss them jointly.

protection to compensate for the damages that would have been recoverable if the uninsured motorist had maintained an adequate policy of liability insurance. *Smith* v. *Safeco Ins. Co. of America,* 225 Conn. 566, 573, 624 A.2d 892 (1993); *Harvey* v. *Travelers Indemnity Co.,* 188 Conn. 245, 249, 449 A.2d 157 (1982). Section 38a-336 (b) also provides, however, that "in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage." This limitation on an insured's recovery to the maximum amount allowed under the policy's uninsured motorist provisions serves to avoid the anomaly of a greater recovery under those policy provisions than would have been available from a tortfeasor carrying liability insurance equal to the coverage of the insured. See *Smith* v. *Safeco Ins. Co. of America,* supra, 573; see also *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 391–92, 392–93 n.6, 446 A.2d 1059 (1982).

Misura acknowledges the general statutory prohibition against a recovery by an insured in excess of the limits of the policy's uninsured motorist coverage. Moreover, she does not dispute the fact that her insurance policy expressly limited recovery for any one accident to a total of $100,000. She contends, however, that the defendant was required to have pleaded as a special defense[14] the policy's $100,000 limit and its settle-

---

[14] Practice Book § 164 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."

ment of Bennett's claim in order to have limited the plaintiffs' combined recovery to $100,000. Under the facts and circumstances of this case, we do not agree.

As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164; *Grant* v. *Bassman,* 221 Conn. 465, 472–73, 604 A.2d 814 (1992). The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway. *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 6, 327 A.2d 583 (1973); *DuBose* v. *Carabetta,* 161 Conn. 254, 261, 287 A.2d 357 (1971). Whether facts must be specially pleaded depends on the nature of those facts in relation to the contested issues. See *Pawlinski* v. *Allstate Ins. Co.,* supra, 6–7; *DuBose* v. *Carabetta,* supra, 259–61.

In the circumstances presented here, the defendant's failure to have pleaded the $100,000 policy limit as a special defense did not deprive it of the benefit of that provision. The complaint originally filed by the plaintiffs expressly alleged uninsured motorist coverage "up to a policy limit of $100,000 per accident," an allegation that the plaintiffs agreed to delete because, as the defendant claimed, the parties had agreed that (1) the policy limit was $100,000, (2) the policy limit did not raise a jury issue,[15] and (3) its introduction had the potential to prejudice the jury unduly. Because the plaintiffs had already acknowledged the $100,000 policy limit in their complaint, the defendant's failure to plead

[15] "The jury's only task was to assign the appropriate level of damages arising from the uninsured motorist's tort. Because the contractual limits did not prove or disprove the plaintiffs' damages, they were irrelevant." *Bennett* v. *Automobile Ins. Co. of Hartford,* 32 Conn. App. 617, 626–27, 630 A.2d 149 (1993) (*Lavery, J.,* dissenting).

that policy provision as a special defense did not preclude the trial court from reducing the jury award in accordance with § 38a-336 (b). See *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 244, 492 A.2d 164 (1985) ("statements in withdrawn or superseded pleadings, including complaints, may be considered as evidential admissions by the party making them").

Furthermore, the defendant had repeatedly expressed its understanding, both in its written submissions and in oral argument to the trial court, that in the event the jury returned a verdict for Misura which, together with its obligations under the settlement agreement with Bennett, exceeded $100,000, the verdict would be reduced accordingly by the court. Prior to the verdict, Misura had not contested the propriety of that procedure and, indeed, had indicated that it would be the appropriate one to follow if such a reduction of the verdict were necessary.[16] Misura had ample notice, therefore, that the defendant was relying on the undisputed terms of the policy to limit its liability to the plaintiffs. Thus, because there was no dispute that the plaintiffs' recovery was limited by the express and unambiguous terms of the policy and Misura was on notice that the defendant intended to seek a reduction, by posttrial motion, of any verdict in excess of the policy limit, the trial court properly reduced the award notwithstanding the defendant's failure to plead the $100,000 limitation as a special defense.[17]

---

[16] For example, Misura's submission in response to the defendant's motion in limine regarding reference by counsel in closing argument to the issue of damages included the following statement: "Any deductions from what [the] plaintiffs are ultimately entitled to recover are made by the court from the jury award. Assuming for the sake of argument only that [the] defendant would be entitled to a reduction of any damages over $100,000, the reduction would work the same way: the court would make an appropriate adjustment to the jury award." At the hearing on the defendant's motion in limine, Misura reiterated her position that any reduction in the jury verdict could properly be made by the trial court.

[17] Other courts, in acknowledgment of the prejudice that may result from the jury's consideration of the policy's undisputed uninsured motorist limits,

We also agree with the defendant that its failure to raise as a special defense the settlement agreement that it had entered into with Bennett did not preclude the trial court from granting the defendant's request for a remittitur. General Statutes § 52-216a[18] expressly prohibits the introduction of evidence concerning settlement agreements or releases in jury trials. That statute was enacted to "ensure that jury verdicts will not be influenced by the knowledge of a partial settlement"; *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 93, 544 A.2d 158 (1988); thereby "removing whatever possibility for prejudice [that] may exist . . . ." (Internal quotation marks omitted.) *Peck* v. *Jacquemin*, 196 Conn. 53, 73, 491 A.2d 1043 (1985). Therefore, in view of the fact that Bennett's settlement agreement with the defendant was not a disputed issue that required determination by the jury, the introduction

---

have also concluded that evidence of such limits should not be considered by the jury and, instead, that the trial court, on proper motion, should reduce a jury verdict in excess of the policy limits so that the judgment complies with the terms of the policy. See, e.g., *Alfa Mutual Ins. Co.* v. *Moreland*, 589 So. 2d 169 (Ala. 1991); *Allstate Ins. Co.* v. *Miller*, 315 Md. 182, 553 A.2d 1268 (1989); see also *Price* v. *Hart*, 166 Wis. 2d 182, 480 N.W.2d 249 (1991).

[18] General Statutes § 52-216a provides: "READING OF AGREEMENTS OR RELEASES TO JURY PROHIBITED. ADJUSTMENTS FOR EXCESSIVE AND INADEQUATE VERDICTS PERMITTED. An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court."

at trial of evidence concerning that settlement would have been inappropriate. Furthermore, Misura can claim neither surprise nor prejudice by virtue of the defendant's failure to have pleaded its settlement of Bennett's claim, because, as discussed previously, the defendant had fully apprised both the court and Misura of its intention to seek a reduction of any verdict obtained by Misura that, together with the $37,115 it was obligated to pay Bennett, exceeded the policy limit of $100,000.

Accordingly, we conclude that the defendant's failure to plead as a special defense either the $100,000 limit of the policy's uninsured motorist coverage or its settlement of Bennett's claim in the amount of $37,115 did not preclude the trial court from granting the relief sought by the defendant. The trial court correctly reduced the jury award as required by the plain and undisputed terms of Misura's policy in accordance with § 38a-336 (b), and properly rendered judgment for Misura in that amount.[19]

---

[19] Misura raises three alternate grounds for affirmance. She first claims that because there was no "mistake or clerical error" in the original judgment, the relief sought by the plaintiff was not available under Practice Book § 325 and General Statutes § 52-228. Although we acknowledge that the applicability of those provisions to the facts of this case is not beyond doubt, we conclude that they provided a sufficient basis, together with Practice Book § 326, for the relief sought. As we have discussed, the defendant had repeatedly and without objection expressed its understanding of the procedure to be followed in the event of a jury verdict in excess of the policy limit, and the trial court structured the trial and the posttrial hearings with that same understanding. Although the defendant should have brought the issue of the policy limit to the attention of the trial court before the court had rendered judgment in accordance with the jury verdict, we believe that the trial court acted within its discretion in rendering a corrected judgment on the defendant's motion. See *Hirtle* v. *Hirtle,* 217 Conn. 394, 398, 586 A.2d 578 (1991) ("Practice Book § 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation").

Misura also claims that the defendant should have filed its motion to open the judgment under Practice Book § 320, not under Practice Book § 325.

In view of the issues raised by this appeal, we take this opportunity, pursuant to our supervisory authority over the administration of justice; see *State* v. *Patterson*, 230 Conn. 385, 397–98, 645 A.2d 535 (1994); to hold that henceforth an insurer should raise issues of policy limitation, even when undisputed, by special defense. When a jury determination of the facts raised by special defense is not necessary, the special defense will not be submitted to the jury but, rather, will be resolved by the trial court prior to the rendering of judgment. Compliance with this procedure will place the trial court and the opposing party on proper notice of the policy limitation issue so that it may be resolved in accordance with § 3.8a-336 (b).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.

---

Although a motion under § 320 might have been preferable, we cannot say that the trial court acted improperly in granting the defendant's motion pursuant to Practice Book §§ 325 and 326 and General Statutes § 52-228.

Finally, Misura argues that the defendant's failure to have tendered payment to Bennett until after the trial of her case constituted a waiver of the defendant's right under the insurance policy and General Statutes § 38a-336 to a reduction of the verdict in an amount equal to the Bennett settlement. We disagree. At no time did the defendant indicate that it did not intend to comply with the terms of the settlement agreement, and it did so promptly upon the resolution of the dispute over the Misura judgment. Moreover, Misura and Bennett were represented by the same trial counsel, who did not raise this issue until after the trial of Misura's case. In these circumstances, the trial court properly concluded that the defendant was entitled to a reduction of the verdict for Misura in an amount equal to the difference between the $100,000 policy limit and the amount of the Bennett settlement.