[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter concerns the plaintiff's objection to the second and third special defenses in the defendant's request for leave to fill an amended answer.
As to the second special defense, the defendant is correct that insurance policy limitations should be raised by special defense. Bennett v. Automobile Insurance Company of Hartford,230 Conn. 795, 806, ___ A.2d ___ (1994).
The Bennett decision does not affect this court's prior ruling of August 2, 1993 in this case, overruling the plaintiff's objections to the defendant's request to revise the plaintiff's complaint by removing references in the complaint a., to policy limitations. Bennett states, "[w]hen a jury determination of the facts raised by special defense is not necessary, the special defense will not be submitted to the jury, but, rather, will be resolved by the trial court prior to the rendering of judgment." Id., 806.
Should the plaintiff dispute the policy limitations pleaded by the defendant, the plaintiff should do so in its reply. The plaintiff also argues that the second special defense is vague. Vagueness should be addressed in a request to revise. Therefore, the plaintiff's objection to the defendant's second special defense is overruled.
The third special defense concerns collateral source payments. The plaintiff is correct that the pleading of CT Page 1750 collateral source payments is not allowable. "No pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in General Statutes §§ 52-225a and 52-225b." Practice Book § 195A. Therefore, the plaintiff's objection to the third special defense is sustained.
WILLIAM J. SULLIVAN, J.