[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Trianafillos Papadakos, filed a one count complaint against his own insurer, the defendant, Allstate Insurance Company, seeking underinsured motorist coverage for injuries he suffered when he was in a collision with an automobile owned and operated by Ramaden Bici. The plaintiff further alleges that he received $20,000.00 from Bici's liability carrier, the full amount of said policy, which amount was insufficient to compensate him for his injuries. The defendant filed three special defenses alleging that: (1) the defendant is entitled to a set off for any basic reparations benefits paid to the plaintiff; (2) the defendant is entitled to a reduction in any award to the plaintiff for any sums paid by those legally responsible, and paid under the workers' CT Page 3604 compensation or disability benefits laws; and (3) the plaintiff's recovery is limited to $100,000.00, the policy limit, less any credits due to the defendant.
The plaintiff filed a motion (#104) to strike the defendant's first and second special defenses. Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." In considering a motion to strike, the court is "limited to considering the grounds specified in the motion." Kopsick v. Yale University, 6 Conn. L. Rptr. 895
(June 24, 1992, Maiocco, J.), quoting Meredith v. PoliceCommissioner of Town of New Canaan, 182 Conn. 138, 438 A.2d 27
(1980).
The plaintiff argues that the defendant's first special defense is not proper because no separate, independent debt exists. The plaintiff further argues that the second special defense is also not proper because it does not defeat the plaintiff's cause of action. Accordingly, the plaintiff argues that the two special defenses should be stricken.
"The Superior Courts of this State have been divided with respect to the propriety of pleading the existence of collateral source payments and defendant's right to a credit for such sums received." Wanciak v. Yale, 12 Conn. L. Rptr. 219, 220 (July 15, 1994, Skolnick, J.).
Nevertheless, in an action to recover proceeds under the uninsured motorist provision of an automobile insurance policy issued by the defendant, the Connecticut Supreme Court held that "an insurer should raise issues of policy limitations, even when undisputed, by special defenses." Bennett v. Automobile InsuranceCo. of Hartford, 230 Conn. 795, 806, 646 A.2d 806 (1994). InMorgan v. Windsor Insurance Co., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 317202 (January 20, 1995, Freedman, J.), the court held that "[b]ecause of the holding inBennett, Windsor must plead the contract limits as a special defense" and denied the motion to strike the defendant's special defenses which alleged reductions in the recovery of the plaintiff for sums received from those responsible for the injury, workers' compensation or disability benefit settlements, basic reparations benefits and collateral sources. See also Boyle v. PeerlessCT Page 3605Insurance Co., 9 CSCR 740 (June 16, 1994, Martin, J.); Palmieri v.Nationwide Mutual Insurance Co., 11 Conn. L. Rptr. 88 (February 15, 1994, Corradino, J.).
Accordingly, the plaintiff's motion to strike is denied because the defendants first and second special defenses allege limitations of the defendant's contractual liability. See Bennettv. Automobile Insurance Co. of Hartford, supra, 230 Conn. 806;Morgan v. Windsor Insurance Co., supra.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of April, 1995
LEWIS, J.