[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiffs, Edward F. Kirik, Patricia Kirik and Barbara Kirik, now known as Barbara Winsor, have brought suit on a promissory note in the amount of $250,000 payable with interest and late charges, together with all costs of collection, including attorney's fees, against the defendants, Andre J. Melief, Jessica A. Palmer Melief and David L. Bain. The note is dated October 22, 1987. On December 18, 1995, the complaint against David L. Bain was withdrawn.
The facts in this case may be summarized as follows:
The note was secured by a mortgage on two parcels of property located in New Milford, Connecticut. The defendants missed the first interest payment on the note which was due on March 1, 1990. On August 18, 1993, the plaintiffs initiated a foreclosure proceeding on the New Milford properties, which were already encumbered by numerous liens from other parties.
On December 21, 1993, the parties to the current action entered into a settlement agreement. The settlement agreement called for the defendants to pay the plaintiffs $15,000. In addition, the defendants were required to transfer the mortgaged properties to the plaintiffs free and clear of all mortgage liens and judgment liens by March 2, 1993 or, if they were unable to do so, the defendants were to consent to a strict foreclosure of the properties in favor of the plaintiffs as soon as possible after March 17, 1993. The settlement agreement provided that after the CT Page 7071 defendants relinquished title to the properties, the plaintiffs would discontinue their foreclosure action with prejudice and cancel the note and the mortgage. In the event that the defendants could not do either of the above the plaintiffs would "be free to pursue all of [their] rights and remedies under the Note and Mortgage, giving credit to [the defendants] for the [$15,000] payment." (Settlement Agreement p. 2.)
The defendants paid the plaintiffs $15,000, as required by the settlement agreement, in December of 1993. The defendants obtained the release of some, but not all of the liens on the properties. (Stipulation of Facts ¶ 6.) As a result, they were not able to transfer the properties to the plaintiffs free and clear of all mortgage and judgment liens by March 2, 1993, as per the first method of transfer required by the settlement agreement. On August 9, 1994, the town of New Milford initiated foreclosure actions against both of the subject New Milford properties for unpaid taxes. (Stipulation of Facts ¶ 5.) The plaintiffs' foreclosure action, initiated prior to the settlement agreement, was not pursued to judgment and was consequently dismissed by the court. (Stipulation of Facts ¶ 7.) On May 1, 1995, the town of New Milford obtained strict foreclosures on both the mortgaged properties. (Stipulation of Facts ¶ 10.) The defendants did not interpose any defense to either foreclosure proceeding, nor did the defendants redeem either property on their assigned law day. (Stipulation of Facts ¶ 9 and 11.) The defendants, therefore, no longer maintained any interest in either property. (Stipulation of Facts ¶ 11.) The plaintiffs did, however, acquire title to both properties on June 29, 1995, by redemption on their law day established in the foreclosure action by the town of New Milford.
The plaintiffs, in their complaint dated July 17, 1995, are seeking from the defendants, inter alia, payment on the promissory note. The defendants raised five arguments against the plaintiffs' recovery, which will be discussed below.
The defendants raised four special defenses to the plaintiffs' enforcement of the promissory note. "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Bennettv. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802,646 A.2d 806 (1994). Similarly, "in any affirmative or special defense, the burden of proof rests with the defendant." State v. Arroyo, CT Page 7072181 Conn. 426, 430, 435, A.2d 967 (1980).
I. Settlement Agreement Was An Accord and Satisfaction
The defendants assert the special defense of accord and satisfaction. They claim that the settlement agreement was a contract of accord which superseded and extinguished the original promissory note. Additionally, the defendants claim that the settlement agreement should be enforced because the plaintiffs' inaction in their strict foreclosure suit made the defendants' performance of the settlement agreement impossible.
The plaintiffs maintain that the settlement agreement was an accord and satisfaction which was not performed by the defendants. As such, the plaintiffs seek enforcement of their rights under the note, instead of pursuing their rights under the settlement agreement.
The settlement agreement states that "[t]his Agreement shall be interpreted and enforced in accordance with . . . the internal laws of the State of New York as the same may, from time to time, exist, without giving effect to the principal of conflict of laws." Settlement Agreement p. 3.[1] Accordingly, the interpretation of the settlement agreement is governed by New York law.
"An accord and satisfaction, as its name implies, has two components. An accord is an agreement that a stipulated performance will be accepted, in the future, in lieu of an existing claim. . . . Execution of the agreement is a satisfaction. . . . The distinctive feature of an accord and satisfaction is that the obligee does not intend to discharge the existing claim merely upon the making of the accord; what is bargained for is the performance, or satisfaction. If the satisfaction is not tendered, the obligee may sue under the original claim or for breach of the accord. . . ." (Citations omitted.) Denburg v. Parker Chapin Flattau Kimpl, 82 N.Y.2d 375,383, 624 N.E.2d 995, 604 N.Y.S.2d 900 (1993).
Both parties agree that the settlement agreement was not executed. Therefore, the main issue presented by the defendants' first special defense is whether the plaintiffs made it impossible for the defendants to perform under the settlement agreement. "A party who prevents performance of the contract by another party has perpetrated a breach of the contract and is CT Page 7073 liable to the other party." Tripodo v. Chase Manhattan Bank,N.A., 576 N.Y.S.2d 760, 763, 152 Misc.2d 372 (1991).
After obtaining a release of some, but not all, of the liens on the New Milford properties, the defendants' only option under the settlement agreement was to consent to a strict foreclosure of the mortgaged properties in favor of the plaintiffs. (See Settlement Agreement p. 2.) However, the plaintiffs allowed their foreclosure action to be dismissed for lack of prosecution before the defendants could comply. The plaintiffs defend their indolence by citing the foreclosure action initiated by the town of New Milford.
The court finds the plaintiffs' defense to the dismissal of their strict foreclosure action is inadequate. The plaintiffs were aware of the town's superior interest in the properties before the parties negotiated the settlement agreement. (See Plaintiffs' Complaint in original foreclosure action, dated August 18, 1993.) The plaintiffs redeemed the properties on their law day by paying the back taxes owed to the town of New Milford. If the plaintiffs had pursued their foreclosure action to judgment, they would still have been liable for payment of the real estate taxes before obtaining the properties. The plaintiffs' reference to the New Milford foreclosure action, without further explanation, is unpersuasive. Therefore, it is submitted that the plaintiffs breached the settlement agreement by making the defendants compliance therewith impossible. The plaintiffs should not be allowed to recover upon the promissory note, as per the settlement agreement.
II. Equitable Estoppel
The equitable estoppel defense raised by the defendants is governed by the law of Connecticut.[2] The defendants, in their post-trial memorandum of law, raise several arguments as to why the plaintiffs should be estopped from collecting on the promissory note.
The defendants first assert that the plaintiffs eventually procured title to the New Milford properties, despite the nonperformance of the settlement agreement, and therefore should not be allowed to collect upon the note as well. This defense, however, sounds in unjust enrichment, not equitable estoppel. Unjust enrichment is viable as a counterclaim, but it is improper when asserted as a special defense. Thibault v. Buckmiller, CT Page 7074Superior Court, judicial district of Waterbury Housing Session, Docket No. 708503 (December 31, 1991, Vertefeuille, J.). Therefore, this argument cannot be sustained as a matter of law.
The second equitable estoppel argument raised by the defendants alleges that the plaintiffs' breach of the settlement agreement made the defendants' compliance impossible. This contention does not conform to an equitable estoppel defense, as there is no assertion of detrimental reliance. John F. EpinaRealty Inc. v. Space Reality, Inc., 194 Conn. 71, 85,480 A.2d 499 (1984). In addition, this argument is identical to the reasoning alleged by the defendants in support of their defense of accord and satisfaction, discussed above. The court finds that this argument is inappropriate in an equitable estoppel special defense.
The last equitable estoppel argument raised by the defendants is based upon a claim of detrimental reliance. The defendants claim that the promissory note should not be enforced because they detrimentally relied upon the settlement agreement to extinguish that debt. The plaintiffs claim that the lack of satisfaction in the settlement agreement should allow them recovery on the promissory note.
"[T]here are two elements which must be established in order to find estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief, and the other party must thereby actually change his position or do some act to his injury which he would otherwise not have done. . . . Estoppel rests on the misleading conduct which results in prejudice to the other and absent such prejudice an estoppel cannot exist." (Citations omitted.) John F. Epina Realty Inc. v.Space Reality, Inc., supra, 194 Conn. 85.
The court finds that the defendants have satisfied the requirements of equitable estoppel. The plaintiffs negotiated a settlement agreement with the defendants that, if executed, would have released them from liability on the promissory note. In reliance upon the settlement agreement, the defendants paid the plaintiffs $15,000 and obtained the release of numerous liens encumbering the two properties. Absent the settlement agreement, the defendants would not have paid the plaintiffs the money nor would they have sought a release of the other encumbrances upon the properties. The defendants would have simply allowed CT Page 7075 foreclosure on the encumbered properties, as eventually occurred. The plaintiffs allowed their foreclosure action to be dismissed, effectively terminating the settlement agreement relied upon by the defendants. The plaintiffs cite the New Milford foreclosure as justification for their allowance of the dismissal. However, the only significant difference between the two strict foreclosure actions is that the plaintiffs would have been required to release the defendants from their promissory note if, as per the settlement agreement, the plaintiffs followed through with their own strict foreclosure action. Yet, by the incentive of the settlement agreement, the plaintiffs have succeeded in having the defendants refrain from redeeming the properties on their law day and not interposing a defenses to the town's strict foreclosure action, without having to release the defendants from their debt.
The court finds that it would be unjust and inequitable not to enforce the settlement agreement. The defendants have relied upon the settlement agreement, to their detriment, and have not received the benefits of that contract. Therefore, the plaintiffs should be estopped from recovering upon the original promissory note.
III. Original Note Extinguished
The defendants' third defense is that the settlement agreement extinguished the original debt of the promissory note. As stated previously, the accord only acts to extinguish the original obligation when there is satisfaction. Denburg v. ParkerChapin Flattau Kimpl, supra, 82 N.Y.2d 383. The creation of the settlement agreement, by itself, did not extinguish the promissory note.
IV. Settlement Agreement was a Release
The defendants' fourth defense is payment. The defendants assert that the settlement agreement was a release which fully satisfied the note upon the plaintiffs' receipt of the two properties and the $15,000 payment. As stated previously, the settlement agreement was an accord, not a release, which only takes effect once it has been completed. Therefore, the court finds that the defendants have not met their burden of proof on this defense.
The issues are found in favor of the defendants on their CT Page 7076 defenses of accord and satisfaction and equitable estoppel.
Accordingly judgment should enter for the defendants, together with costs.
BELINKIE, JUDGE REFEREE