[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 116)
The complaint alleges the following facts. On November 5, 1998, the plaintiff, Lissette Rivera, was operating a vehicle owned by Ismael Rivera, and insured by the defendant, Progressive Northwestern Insurance Company. As the plaintiff was traveling east on McKinley Avenue in Bridgeport, she collided with an unidentified operator of an unidentified vehicle which was proceeding west on McKinley Avenue. As a result of this collision, the plaintiff has suffered personal injuries. These injuries include expenses for medical care and lost earnings as well as lost earning capacity.
Count two of the complaint alleges that the other plaintiff in this action, William Marsh, was a passenger in Rivera's car at the time of the collision. The complaint alleges that he, too, suffered personal injuries as a result of the collision.
The complaint alleges that the defendant insured the vehicle in which the plaintiffs were traveling at the time of the collision. The complaint further alleges that this insurance policy provides certain uninsured motorist coverage whereby the defendant agrees to pay compensatory damages to an "insured" should the insured suffer bodily injury caused by the operator of an "uninsured motor vehicle." The complaint alleges that the plaintiffs are legally entitled to the protection afforded in the policy and that defendant has not paid any benefits to the plaintiffs.
The defendant's third special defense states: "Pursuant to the terms of the subject policy of insurance, the defendant is entitled to reduce the policy limit or any lesser amount CT Page 12027 otherwise payable as damages by any and all amounts paid to or on behalf of the plaintiff in the form of medical benefits, workers' compensation benefits and/or Social Security Benefits." The plaintiffs filed a motion to strike this special defense.
The plaintiffs argue that the defendant's third special defense should be stricken because it does not relate to issues of policy limitation and therefore is inappropriate as a special defense. In response, the defendant argues that its special defense is appropriate pursuant to Practice Book § 10-79 and its position is supported by Bennet v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 646 A.2d 806 (1994)
In Bennet, the court held "that henceforth an insurer should raise issues of policy limitation, even when undisputed, by special defense." Bennet v. Automobile Ins. Co. of Hartford, supra, 230 Conn. 806. Further, Practice Book § 10-79 provides:
 An insurer should raise issues of monetary policy limits, or credits for payments by or on behalf of third party tortfeasors, by special defense. When a jury determination of the facts raised by special defense is not necessary, the special defense shall not be submitted to the jury but, rather, shall be resolved by the trial court prior to the rendering of judgment.
In Gore v. Allstate Ins. Co., Superior Court, judicial district of Danbury, Docket No. 32105, (May 9, 1996, Moraghan, J.)17 Conn. L. Rptr. 124, 125, the court stated:
 in Bennet, the issue was whether the defendant's failure to plead as a special defense (1) the policy limits of the plaintiff's insurance policy or (2) a prior settlement of the defendant with another party precluded the trial court from reducing the amount of the plaintiff's award by those amounts.
 * * *
The language in Bennet requiring `issues of policy limitation' to be specially pleaded refers not to matters of reduction or reimbursement, but rather to specific policy defenses such as, inter alia, the policy holder's lack of cooperation, failure to pay premiums, late notice, or unauthorized use of an insured vehicle. CT Page 12028
 * * * [U]nder this analysis, an `issue of policy limitation' which addresses the insurance company's liability, such as failure to pay premiums or late notice of claim, would properly be the subject of a special defense. However, issues of reduction or reimbursement do not address the insurance company's liability to the plaintiff and, as such, are not proper special defenses.
Gore v. Allstate Ins. Co., supra, 17 Conn. L. Rptr. 125.
The analysis in Gore is consistent with this court's prior ruling in Lapke v. General Accident Ins. Co. of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344057, (January 16, 1998, Melville, J.) (granting plaintiff's motion to strike defendant's special defense regarding inter alia, set-off of certain disability benefits). Therefore, in accordance with its previous decision on this issue, this court hereby grants the plaintiffs' motion to strike the defendant's third special defense. The court notes that there is a split of authority at the trial court level on the issue presented here. However, this court concludes, as it has in the past, that the better approach is to reject special defenses such as the one presented here. It is further noted that granting the motion to strike the defendant's third special defense does not preclude the defendant from seeking to have any eventual verdict in this case reduced by the amount of any benefits received by the plaintiffs, which the defendant would otherwise be entitled to deduct. See Lungi v. Aetna Casualty Surety Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 291948, (January 6, 1997, Silbert, J.) (18 Conn. L. Rptr. 398)
MELVILLE, J.