[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
This is a personal injury action brought by the plaintiff, Herbert Lynch ("Lynch") against the defendants Jonathan Fisher, Steven Fisher and The Prudential Property and Casualty Insurance Company ("Prudential"). In his complaint, Lynch alleges that on February 29, 1998 while he was standing near a parked car, Jonathan Fisher operated a motor vehicle owned by Steven Fisher negligently so as to strike the parked care near Lynch thereby injuring Lynch. In addition to claims against the Fishers, the second count of Lynch's complaint seeks recovery of underinsured motorist benefits pursuant to the terms of an insurance contract with Prudential.
Prudential has filed four special defenses to Lynch's complaint. Lynch has moved to strike the Third and Fourth special defense.
The Third Special Defense states:
 The plaintiffs recovery, if any, must be reduced by amounts payable by disability law or similar law, basic reparations benefits and other collateral source payments defined under Connecticut General Statutes § 52-225b et seq.
The Fourth Special Defense states: CT Page 13271
 The plaintiffs recovery, if any, must be reduced by all sums paid because of bodily injury by, or on behalf of, persons or organizations who may be legally liable.
Lynch claims that these special defenses are in violation of Practice Book § 10-78 which prohibits allegations in a pleading regarding receipt by a party of collateral source payments. Accordingly, Lynch has moved to strike the Third and Fourth Special Defenses. For the reasons set forth below, the motion to strike is denied.
A motion to strike may be filed to contest the legal sufficiency of a special defense. Practice Book § 10-39(5). In ruling on such a motion, the court must construe the defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v. Douglas,221 Conn. 530, 536 (1992).
Prudential asserts that the two special defenses are proper because this is a suit on an insurance contract and the special defenses allege limitations on the insurer's liability under the contract which are permitted under the Connecticut law. See General Statutes § 38a-334-6(d)(3); § 38a-336(b).
Our Supreme Court, pursuant to its supervisory authority, has directed that "an insurer should raise issues of policy limitation, even when undisputed, by special defense."Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 806 (1994). The plaintiff seeks to distinguishBennett arguing that in this case the special defenses do not go to policy limitations but rather to a reduction in coverage, which is improper. See Smith v. Safeco Ins. Co. ofAmerica, 225 Conn. 566, 572 (1993) ("neither the underinsured motorist statute nor the regulation authorizes a reduction in underinsured motorist coverage because of the claimant's receipt of collateral source payments").
There is tension between the dictates of Practice Book §10-78 (no pleading shall contain allegations regarding receipt by a party of collateral source payments) and the direction inBennett that insurers should raise issues of policy limitation by special defense. Different courts have resolved this tension difficulty. Compare Hilbert v. AmericanFinancial Corp. , Docket No. CV 94-0066333, Superior Court CT Page 13272 Judicial District of Litchfield (August 11, 1995) (Picket, J.) (special defense raising collateral source payments stricken), with Boyle v. Peerless Inc. Co., 9 CSCR 740 (1994) (Martin, J.) (motion to strike special defense denied).
In the courts view, where there is a suit on an insurance contract and the special defense asserts collateral source payments as a reduction on the plaintiffs recovery (as opposed to a reduction in coverage), Practice Book § 10-78 must be construed in light of Bennett to permit the pleading of limitations on the defendant's liability in accordance with the contract of insurance. In this case, Prudential has done just that and therefore the special defenses are proper.
For the reasons set forth above, the plaintiffs motion to strike the Third and Fourth Special Defense is denied.
So ordered at New Haven, Connecticut this 30th day of September, 1999.
Devlin, J.