[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is a negligence action arising from a motor vehicle accident between vehicles driven by the defendants, Chris Mallison ("Mallison") and Edith Vicchitto ("Vicchitto"). The plaintiff was a passenger in the Vicchitto vehicle. The plaintiff filed a two-count amended complaint. Count one alleges negligence on the part of Mallison, and count two, the subject of this motion to strike, alleges negligence on the part of Vicchitto.
The complaint alleges that the Vicchitto vehicle "collided with [the Mallison vehicle], causing the [Vicchitto] . . . vehicle to strike a telephone pole, all causing the plaintiff to sustain . . . injuries. . . ." (Complaint, count 2, ¶ 4.). Vicchitto answered the complaint, raising sudden emergency as a special defense. Vicchitto alleges that she was "confronted with a sudden emergency, not of her own making . . . and in the face of the emergency, [she] used that degree of care which would have been used by a person of ordinary prudence under the same circumstances." (Vicchitto's Answer, First Special Defense.)
The plaintiff has moved to strike the special defense on the ground that sudden emergency may not be asserted as a special defense in a tort CT Page 16206 action, and that it is legally insufficient because "it is nothing more than a denial of the defendant's negligence." (Plaintiff's Memorandum, p. 2.)
Vicchitto objects to the motion to strike, asserting that: (1) "pursuant to Practice Book [§] 10-50, there is no legal mandate that prohibits the defendant from claiming a special defense that she may also assert as a general denial," and (2) the special defense of sudden emergency is legally sufficient. (Vicchitto's Objection to the Motion to Strike.)
"[A] . . . party [wishing] to contest . . . the legal sufficiency of . . . any special defense . . . may do so by filing a motion to strike." Practice Book § 10-39; see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995). "In . . . ruling on [a] motion to strike, the . . . court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
Section 10-50 ("10-50") of the Practice Book governs the pleading of special defenses, and its language "is permissive, not mandatory. . . ."O'Dwyer v. Housatonic Area Reg. Transit, Inc., Superior Court, judicial district of Danbury, Docket No. 322861 (December 3, 1996, Moraghan, J.); see also Buitekant v. Zotos Corporation, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135874 (February 20, 1996, Karazin, J.) ("Practice Book § [10-50] is permissive, not mandatory, and special defenses are proper when they explain general denials and apprise the plaintiff of issues in the case."). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "Whether facts must be specially pleaded depends on the nature of those facts in relation to the contested issues." Bennett v. Automobile Ins.Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). A general denial, rather than a special defense, is used "[i]f a party wishes to contradict facts alleged in a complaint. . . ." Bikakis v. Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313691 (December 11, 1995, Maiocco, J.). Furthermore, "by affirmatively pleading a defense which may be taken advantage of under a simple denial, a pleader presumably does so to make his defense appear to be stronger and thereby invites a ruling by the Court that he has assumed the burden of proof as to that issue." Davis v. Gleeson, 5 Conn. Sup. 325, 325-26,___ A.2d ___ (1937).
Because § 10-50 does not list "sudden emergency" as one of the defenses that "must be specially alleged", the issue whether sudden CT Page 16207 emergency can be pleaded as a special defense remains unsettled in the Superior Court. O'Dwyer v. Housatonic Area Reg. Transit, Inc., supra, Superior Court, Docket No. 322861 (holding that sudden emergency may be pleaded as a special defense; however, to survive a motion to strike, the special defense must be legally sufficient); but see Vilayvong v. KLLM,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332884 (September 26, 1997, Ford, J.) (striking the special defense alleging sudden emergency on the ground that it "should be pleaded as a simple denial to the plaintiff's negligence allegations");Bikakis v. Alcock, supra, Superior Court, Docket No. 313691 (striking the special defense of sudden emergency "because the . . . defense alleges facts inconsistent with those alleged in the complaint, [therefore], the defense is legally insufficient").
In O'Dwyer v. Housatonic Area Reg. Transit, Inc., the plaintiff moved to strike a special defense of sudden emergency. O'Dwyer v. HousatonicArea Reg. Transit, Inc., supra, Superior Court, Docket No. 322861. In ruling on this motion, the court noted that the language of Practice Book § 10-50 is permissive, and, even though it is "unnecessary for the defendant to plead [the] defense [of sudden emergency] specially . . . this does not mean that a pleader may not plead specially a defense which he is entitled to assert under a general denial." (Internal quotation marks omitted.) Id. Additionally, the court in O'Dwyer acknowledged that "[a] party still has the right to plead his case in his own way unless he runs counter to some rule of pleading." (Internal quotation marks omitted.) Id. The court there, however, granted the plaintiff's motion to strike because the defendant "failed to plead a legally sufficient special defense" of sudden emergency. Id.
The Court finds the reasoning in O'Dwyer persuasive. Because the language of § 10-50 is permissive, alleging sudden emergency as a special defense is not prohibited. Therefore, the motion to strike Vicchitto's special defense of sudden emergency is denied.
BY THE COURT
G. Levine, Judge