[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 3715
On September 11, 2000, the plaintiff, John Claude Bahrenberg, filed a two count complaint alleging libel per se against the defendant, Jamie L. Mills, an attorney, (count one) and slander per se against the defendant, Bonnie Opielowski-Brouwer, both claims arising from statements made during the course of separate litigation. On October 27, 2000, Mills filed this motion to strike the plaintiff's complaint on the grounds that: (1) Mills' alleged statements are absolutely privileged or, in the alternative, conditionally privileged, (2) Mills' alleged statements do not constitute defamation per se and (3) the plaintiff has failed to allege that he has suffered any special damages.
A statement is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Dow v. New HavenIndependent, Inc., 41 Conn. Sup. 31, 36, (1987), quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) § 111, p. 774. To find defendant liable for defamation the court is required to find that the defendant published or made false statements that harmed the plaintiff, and that the defendant was not privileged to do so. Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1, 27, (1995).
Libel has been defined as a false and malicious publication of a person which exposes him to public ridicule, hatred or contempt, or hinders virtuous men from associating with him. Terry v. Hubbell,22 Conn. Sup. 248, 255, (1960), quoting Donaghue v. Gaffy, 54 Conn. 257,268, (1886). Libel may be actionable per se if it charges improper conduct or lack of skill or integrity in ones's profession and is of such a nature that it is calculated to cause injury to one in his profession.Peters v. Carra, 10 Conn. App. 410, 413-14, (1987). Libel per se "is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages." (Internal quotation marks omitted.) Battista v. United Illuminating Co.,10 Conn. App. 486, 491-92, cert. denied, 204 Conn. 802 (1987).
In count one, the plaintiff alleges that Mills defamed him with statements she made in an August 11, 2000 letter to an attorney, Jacob Wieselman. Mills argues, however, that any statements made by her in the letter are absolutely or, in the alternative, conditionally privileged.
In Connecticut, as a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action.Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802, (1994); see Practice Book § 10-50. Privilege is an affirmative defense in a CT Page 3716 defamation action and must, therefore, be specifically pleaded by the defendant. Miles v. Perry, 11 Conn. App. 584, 594 n. 8, (1987). This view has been followed in numerous Superior Court decisions.[1] It would appear, therefore, that the merit of a privilege defense is not properly addressed in the context of a motion to strike a complaint.
Mills also argues that the plaintiff's complaint fails to state a cause of action for defamation per se. The plaintiff has alleged that on August 11, 2000, Mills sent a letter to Jacob Wieselman, Esq., in which Mills alleged that the plaintiff had "threatened and intimidated" a witness. As construed in the light most favorable to the plaintiff, these allegations satisfy the "improper conduct or lack of skill or integrity" element of the libel per se test. See Rules of Professional Conduct 8.4(4); see also General Statutes § 53a-151. Furthermore, the plaintiff alleges that "[t]he statements made by Defendant Mills were false and malicious and Defendant Mills knew they were false and malicious and/or acted in reckless disregard of their truth or falsity." Such allegations satisfy the "calculated to cause injury" element of the libel per se test. SeeNational Distributor Systems, Inc. v. Steinis, Superior Court, judicial district of New Haven at New Haven, Docket No. 415780 (December 3, 1999,Thompson, J.). Since the plaintiff has alleged a legally sufficient cause of action sounding in libel per se, it was not necessary to allege actual damages. Battista v. United Illuminating Co., 10 Conn. App. 486, 491
(1987).
Defendant's Motion to Strike is denied.
Wagner, TJR