[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 118)
The plaintiff, Joseph Palsa, filed a five count amended complaint alleging breach of contract (counts one and two), breach of implied covenant of good faith and fair dealing (count three), breach of fiduciary duty (count four), and violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count five) on December 4, 2000, against the defendant, David Purdy, arising from the defendant's failure to give client files to the plaintiff pursuant to a settlement agreement entered into by the parties.[1] The defendant filed an answer, four special defenses, and set offs and a three count counterclaim on June 16, 2000, in response to the "revised complaint" filed on March 23, 2000. Thereafter, defendant filed an answer, seven special defenses and set offs on December 21, 2001, in response to the "amended complaint" filed on December 4, 2000. The plaintiff filed a motion to strike the defendant's special defenses on February 9, 2001, on the ground that the seven special defenses are insufficient as a matter of law because they are not properly pleaded as special defenses. The plaintiff filed an opposition to the motion to strike on March 12, 2001. Both parties have submitted memoranda of law in support of or opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of the complaint.Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike is the proper way to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978), see also Connecticut National Bank v. Voog, 233 Conn. 352, 354-55, CT Page 9499659 A.2d 172 (1995). In ruling on a motion to strike a special defense, the trial court will "take the facts to be those alleged in the special defenses and [will] construe the defenses in a manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff argues that none of the defendant's special defenses are properly pleaded as special defenses in that they fail to plead facts that are consistent with the allegations of the complaint and show, nevertheless, that the plaintiff has no causes of action, as required by Practice Book § 10-50.[2] Specifically, the plaintiff argues that the so — called special defenses merely deny the plaintiff's allegations or plead independent facts to state the defendant's claims against the plaintiff, which should have been pleaded as claims of a counterclaim.
The defendant argues that he may plead special defenses which are not listed in Practice Book § 10-50 as long as the special defenses demonstrate that the plaintiff has no cause of action. The defendant also cites Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802,646 A.2d 806 (1994), to support his argument that the special defenses survive the motion to strike because they apprise the court of issues to be raised arid litigated. Further, the defendant argues that no procedural bar prohibits him from pleading similar or identical facts in both counterclaims and special defenses.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17,730 A.2d 1128 (1999); see also Practice Book § 10-50. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issue to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, supra, 230 Conn. 802. "The distinction between matters which may be proved under a general denial and matters constituting special defenses, which must be specially pleaded, was enunciated in Pawlinskiv. Allstate Ins. Co., 165 Conn. 1, 327 A.2d 583 (1973), where [our supreme Court] observed . . . that [t]he issues to be tried may be framed in several ways. A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed, facts. . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would [independently] destroy the cause of action, the new matters must be affirmatively pleaded as a CT Page 9500 special defense." (Internal quotation marks omitted.) Barrows v. J.C.Penney Co., 58 Conn. App. 225, 233, 753 A.2d 404, cert. denied,254 Conn. 925, 761 A.2d 751 (2000), quoting Berner v. National Fence Co.,176 Conn. 622, 629, 410 A.2d 1007 (1979).
In his special defenses, the defendant alleges that the plaintiff failed to abide by the terms and conditions of the settlement agreement between the parties; the plaintiff failed to retrieve client files in an appropriate manner; the plaintiff attempted to remove client files to which he was not entitled; the plaintiff hampered the defendant's ability to wind up the affairs of the parties' former company by failing to engage in an efficient process to remove client files; the defendant has no fiduciary duty to the plaintiff; and the plaintiff has breached a fiduciary duty to the defendant.
While it is true that the purpose of a special defense is to demonstrate that the plaintiff has no cause of action, the defendant's "special defenses" are in fact general denials of the plaintiff's complaint or allegations of a counterclaim. Thus the "special defenses" merely controvert the plaintiff's causes of action or state independent cases of action for the defendant. The allegations fail to show that the plaintiff's causes of action are legally insufficient as alleged. Therefore, the plaintiff's motion to strike all of the defendant's special defenses is granted.
 _______________ SKOLNICK, JUDGE