[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION BY PHS TO STRIKE THE SEVENTH COUNT AND MOTION BY AHS TO STRIKE THE THIRTEENTH COUNT
On December 11, 2000, the plaintiff, John Roberge, filed a thirteen count complaint directed at the defendants, Physician Health Services (PHS and Accordant Health Services, Inc. (AHS) The first three counts are directed at PHS: the first count alleges a breach of contract; the second count alleges a breach of a fiduciary duty; and the third count alleges a breach of an implied covenant of good faith and fair dealing. The fourth and eleventh counts, directed at PHS and AHS respectively, allege violations of the Connecticut Unfair Trade Practices Act (CUTPA) General Statutes § 42a-110b et seq. The fifth and twelfth counts, directed at PHS and AHS respectively, allege violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq. The sixth count, directed at PBS, alleges negligent infliction of emotional distress. The seventh and thirteenth counts are directed against PHS and AHS respectively, and allege violations of General Statutes § 38a-988. The eighth count alleges that PHS and AHS conspired to invade the plaintiff's privacy. The ninth and tenth counts are directed at AHS and allege claims for intentional and negligent emotional distress, respectively.
The plaintiff generally alleges that PBS disclosed personal and confidential medical records to AHS. The plaintiff also alleges that AHS conspired with PBS to obtain the personal and confidential medical information. The plaintiff alleges that these acts violate General Statutes § 38a-988.[1]
PHS has moved the court to strike the seventh count on the ground that it fails to state a cause of action upon which relief may be granted. PBS argues first that General Statutes § 38a-988 does not provide for a private cause of action.
Section 38a-995 (b) provides: "An insurance institution, agent or Insurance-support organization which discloses information in violation of section 38a-988 shall be liable for damages sustained by the individual concerning whom the information relates, provided that no individual shall be entitled to a monetary award which exceeds the actual damages sustained by him as a result of a violation of section 38a-988." "Individual means any person who . . . (2) in the case of life, health or CT Page 2305 disability insurance, is a past, present, or proposed principal Insured or certificate holder. . . ." General Statutes § 38a-976 (j). A reading of this provision makes it clear that an insurance institution, agent or insurance-support organization violating the provisions of § 38a-988 is liable to the individuals whose privacy is violated for a monetary award.
PHS also argues that the seventh count should be stricken because the plaintiff has failed to allege that PBS's conduct does not fall within the exceptions outlined in § 38a-988. The plaintiff asserts that the defendant's argument amounts to a special defense that should be interposed rather than raised in a motion to strike.
Practice Book § 10-50 states in relevant part "[f]acts which are consistent with [the plaintiff's] statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment . . . release, the statute of limitations and res judicata must be specially pleaded. . . ." See also Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802,646 A.2d 806 (1994) ("As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."). "Decisions of Connecticut courts have held that the list of matters in Connecticut Practice Book § 10-50 to be specially pleaded are not exhaustive." Pacelli v. Butts, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061924 (December 3, 1999,Arnold, J.).
The plaintiff has alleged that PBS, a health insurance provider, disclosed the plaintiff's personal and medical information to AHS. The allegations necessary to assert the special defense would not contradict the plaintiff's allegations but would nevertheless demonstrate that the plaintiff has no cause of action. Accordingly, viewing the allegations of the complaint in the light most favorable to the plaintiff as the court must; Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997); the plaintiff has properly pleaded a cause of action for violation of § 38a-988.
AHS has moved to strike the thirteenth count of the complaint on The ground that it fails to state a legally cognizable cause of action. AHS advances two arguments in support of the motion to strike the thirteenth count. First, AHS argues that the complaint fails to allege that it disclosed any personal or confidential information and, therefore, the complaint does not properly state a cause of action with respect to AHS. CT Page 2306
AHS argues that the thirteenth count fails to state a violation of § 38a-988 because that statute does not prohibit the receiving of prohibited information. AHS contends that because there is no allegation that AHS divulged protected information to a third party, the thirteenth count is legally insufficient. The plaintiff argues that "[§] 38a-988
was enacted to prevent and limit the disclosure of confidential and private medical records." The plaintiff, arguing on the basis of this assertion, that "[a]lthough not expressly dealing in the issue of `receiving' such information . . . by inference, this [court] could and should reasonably conclude that receipt of such information is the type of conduct that our legislature . . . intended to prevent."
"[C]ourts are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." (Internal quotation marks omitted.) Town of Winchester v. NorthwestAssoc., 255 Conn. 379 (2001). Section 38a-988 provides, with limited exceptions, that defined parties "shall not disclose any personal or privileged information concerning an individual collected or received in connection with an insurance transaction. . . ." (Emphasis added.) The only conduct allegedly attributed to AHS is that it "conspired with [PHS] to obtain confidential and personal information of the plaintiff for its own use and benefit." (Thirteenth Count, ¶ 5) This allegation is not equivalent to an allegation that AHS disclosed protected information. Moreover, assuming arguendo, that conspiracy to obtain protected information would be sufficient to state a cause of action for a violation of § 38a-988, the allegation in ¶ 5 of the thirteenth count is insufficient to state a cause of action for civil conspiracy. "Merely alleging that a conspiracy has taken place, without specifically pleading the elements of a conspiracy, does not support a cause of action for civil conspiracy. See Talit v. Peterson, 44 Conn. Sup. 490, 496-97
(1995)." New Milford Savings Bank v. Zandy, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 078766 (January 11, 2001, DiPentima, J.).
The motion of PHS to strike the seventh count is denied. The motion of AHS to strike the thirteenth count is granted.
 ___________________ RUSH, J.