[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This underinsured motorist action followed the settlement of the plaintiff's claim against the alleged tortfeasor, James Cuneo, for $20,000, the limits of Cuneo's motor vehicle liability insurance policy. The defendant's answer, now in its third CT Page 219 incarnation, contains the following three special defenses, which the plaintiff has now moved to strike:
BY WAY OF FIRST SPECIAL DEFENSE
 In the event that the trier of fact awards damages for personal injury to compensate this plaintiff, the defendant is entitled to a setoff of any such award as provided for in Practice Book Section 168 of any amounts paid to the plaintiff for basic reparations benefits as provided for in Part C of the plaintiff's personal auto policy.
 BY WAY OF SECOND SPECIAL DEFENSE
 In the event that the trier of fact awards damages for personal injury to compensate the plaintiff, the defendant is entitled to a reduction in any such award by all sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible and paid or payable because of bodily injury under workers compensation or disability laws as provided by Connecticut General Statutes Section 38a-336; Connecticut Regulation 38a-334-6 and Part C of the plaintiff's personal auto policy.
 BY WAY OF THIRD SPECIAL DEFENSE
 In the event that the trier of facts awards damages for personal injury to compensate the plaintiff, such damages are limited to the amount of uninsured/underinsured motorist coverage as set forth in Part C and Endorsement 16126-J and accompanying declaration of the plaintiff's personal auto policy, less any reductions authorized by said sections of the plaintiff's personal auto policy.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618, A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The CT Page 220 court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Grant v.Bassman, 221 Conn. 465, 472-73 (1992). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Krasnow v. Christensen, 40 Conn. Sup. 287, 288 (1985); Practice Book Sec. 152(5).
The defendant contends that it is obliged to raise the three issues in question here in the form of special defenses, based on the following language in Bennett v. Automobile Insurance Companyof Hartford, 230 Conn. 795, 806 (1994):
 In view of the issues raised by this appeal, we take this opportunity, pursuant to our supervisory authority over the administration of justice . . . to hold that henceforth an insuror should raise issues of policy limitation, even when undisputed, by special defense.
It is the defendant's position that each of the issues raised in the special defenses relates to questions of policy limitation. The plaintiff cites two Superior Court Decisions which have interpreted that portion of Bennett, Hilbert v.American Financial Corp., Superior Court, Judicial District of Litchfield, Docket No. 66333 (August 11, 1995, Pickett, J.); andGore v Allstate Insurance Co., Danbury Judicial District at Danbury, Docket No. 321050, May 9, 1996 (Moraghan, J.); 2 Conn. Ops. 610 June 3, 1996 (Moraghan, J.), for the proposition that the issues raised in the first and third special defenses do not relate to questions of policy limitation and are therefore inappropriate as special defenses. In Gore, for example, Judge Moraghan held that "Issues of reduction or reimbursement do not address the insurance company's liability to the plaintiff and, as such, are not proper special defenses." Gore, supra at 611. CT Page 221
The plaintiff here does not challenge the second special defense, which claims a reduction in any award to the plaintiff by all sums paid pursuant to the Workers' Compensation or disability laws. Although such payments would appear to represent no less an issue of "reduction or reimbursement" than basic reparation benefits do, the plaintiff has not made this special defense a subject of her motion to strike, presumably because no such payments were made to her.
The third special defense asserts the coverage limits of the policy as a special defense. The court in Gore appears to conclude that the phrase "issues of policy limitation" refers only to "specific policy defenses, such as, inter alia, the policyholder's lack of cooperation, failure to pay premiums, late notice, or unauthorized use of an insured vehicle", none of which appear to be at issue in this case. Id. At oral argument in this case, however, neither party was able to advance a reason why the dollar limits of the underinsured motorist portion of the plaintiff's policy should not be considered "an issue of policy limitation" within the meaning of Bennett and this court concludes that, by definition, they should be so considered.
Based on the foregoing, the motion to strike should be granted as to the first special defense, but denied as to the third special defense.
The defendant, however, also objects to the motion to strike the first special defense because that special defense was originally filed on April 8, 1994, going unchallenged for more than two and one-half years. Indeed, after filing its original complaint in December of 1989, a revised complaint in October of 1992, and an amended complaint in May of 1993, the defendant filed its original answer and special defenses in May of 1993, subsequently revising them in April of 1994. The plaintiff replied to the original special defenses without seeking any further revisions or moving to strike them, in June of 1994.
On August 19, 1996, the defendant filed a request for leave to amend its special defenses, to which the plaintiff did not object. The result was that on September 3, 1996, fifteen days after the request for leave to amend was filed, the amendment was deemed granted. Practice Book § 176(c). The first and second special defenses were unchanged by the amendment, which only added the third special defense, as the defendant claimed that it felt itself obliged to do by the decision in Bennett, supra. CT Page 222
Although the motion to strike the first special defense appears untimely on its face, this court does have discretion to permit a late pleading, and under the circumstances of this case, this court believes that it should exercise its discretion in favor of the plaintiff. The Supreme Court's decision in Bennett
was released in August of 1994, several months after the original special defenses were asserted. Moreover, the Hilbert case was not decided until 1995, and the Gore case was not decided until June of 1996. Under these circumstances the plaintiff's failure to realize the potential legal insufficiency of the first special defense at once is understandable. In the absence of any prejudice to the defendant, the late filing of the motion to strike is excusable, and this court would not deny the motion to strike on grounds of timeliness. Similarly, although Practice Book § 114 would have required the plaintiff to file her motion to strike the third special defense by September 18, 1996, this court cannot conclude that her filing that motion on October 29, 1996 is, in and of itself, a sufficient basis for denying that motion.
Lest there be any confusion, this court, in granting the motion to strike the first special defense, does not mean to preclude the defendant from seeking to have any verdict in this case ultimately reduced by the amount of any basic reparations payments received by the plaintiff, to the extent that it would otherwise be permitted to do by law.
For all the above reasons, the motion to strike the first special defense is granted, and the motion to strike the third special defense is denied.
Jonathan E. Silbert, Judge