[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed multiple special defenses to the instant proceedings which are appeals as to the assessment by Thomaston's assessor with regard to 135 condominium units on the assessment lists of October 1, 1997, and October 1, 1998, under the provisions of C.G.S. § 12-117a (appeals from Board of Assessment Appeals) and C.G.S. § 12-119 (remedy when property wrongfully assessed). The plaintiff-condominium association has brought the action on behalf of the 135 unit owners as authorized under C.G.S. § 47-244(a)(4).
The storied proceedings in this matter are chronicled in various pleadings by the parties regarding earlier attempts by the defendant to dismiss the action in its entirety (denied by Pickett, J. on December 22, 1998) and later to strike all counts of the application (denied by Sullivan, J. on February 19, 1999). A history of such proceedings is included in the plaintiff's memorandum of law in support of its motion to strike the defendant's special defenses and the reader is here referred to that pleading filed on March 19, 1999.
The First Count of the application is brought pursuant to C.G.S. § 12-117a on behalf of 57 unit owners and is an appeal from actions by the Board of Assessment Appeals (hereinafter, BAA) with regard to its assessment of October 1, 1997. To this count, the defendant has filed the following four (4) special CT Page 4396 defenses.[1]
Second Special Defense:
 The court lacks jurisdiction to hear the plaintiff's Application because the plaintiff failed to appeal to the building board of appeals or the State Codes and Standards Committee as provided by C.G.S. § 29-266 and thereby failed to exhaust its administrative remedies;
Fifth Special Defense:
 The court lacks jurisdiction to hear the Application because of a prior pending action;
Sixth Special Defense:
 The plaintiff lacks standing to appeal under C.G.S. § 47-244(c)(4); and
Seventh Special Defense:
 The plaintiff lacks standing to appeal under C.G.S. § 12-117a in that it is not aggrieved and it failed to file a written tax appeal by March 20, 1998, as per C.G.S. §§ 12-111, 12-112, and 12-113.
The Second Count of the plaintiff's Application is brought pursuant to C.G.S. § 12-117a on behalf of 78 unit owners and is an appeal from the actions of the BAA with regard to its assessment of October 1, 1997. To this count, the defendant has filed five (5) special defenses, four (4) of which mirror the four (4) special defenses asserted to the First Count, and the fifth (5th) of which repeats the fourth (4th) special defense as applicable to the individual unit owners. (They are denoted in different numerical fashion because of the defendant's withdrawal of three (3) special defenses as previously noted.).
The Third Count (as amended on December 28, 1998) is brought on behalf of 135 unit owners pursuant to C.G.S. § 12-119 and is an appeal from the BAA's assessment under dates of October 1, 1997, and October 1, 1998. The defendant has alleged four (4) special defenses, all of which are asserted as special defenses to the preceding two (2) counts (Though the pleading apparently intends CT Page 4397 to assert five (5) such defenses, there is in fact no "seventh special defense" alleged.).[2]
The plaintiff moves to strike all existing special defenses stating they lack legal sufficiency because they fail to allege factual assertions as required by Practice Book Section 10-50 or are insufficient for reasons stated in the decision of Sullivan, J. on February 19, 1999, or for the reason that C.G.S. §§ 12-117a
and 12-119 do not require an administrative proceeding before the State Building Board of Appeals or State Code and Standards Committee.
The function of a motion to strike is to test the legal sufficiency of a pleading. RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384 (1994). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak 175 Conn. 112, 116 (1978); see also Connecticut National Bank v. Voog, 233 Conn. 352, 354-55
(1995); Girard v. Weiss, 43 Conn. App. 397, 417 cert. denied,239 Conn. 946 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536 (1992). The court is limited to a consideration of the facts alleged in the pleadings and a motion imparting facts outside the pleadings will not be granted. Doe v. Marselle, 38 Conn. App. 360,. 364 (1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallo v. DerbySavings Bank, 188 Conn. 281, 285-86 (1982). For the purpose of a motion to strike, the moving party admits all facts well pleaded.Ferryman v. Groton, 212 Conn. 138, 142 (1989). It is properly granted if the pleading alleges mere conclusions of law unsupported by facts. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215 (1992). The court must construe the facts most favorably to the pleader. Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580 (1997). Each motion to strike raising any claim of legal insufficiency shall distinctly specify the reason for each such claimed deficiency. Practice Book Section 10-41; Bouchard v. People's Bank, 219 Conn., 465,468 n. 4 (1991).
The Second Special Defense to all counts claims the Association and/or unit owners failed to exhaust their administrative remedies because they neglected first to appeal to the town's building board of appeals and then to the State Codes and Standards Committee and could not therefore appeal to the CT Page 4398 superior court because not aggrieved by those entities. The defendant cites C.G.S. § 29-266 as authority for that claim and argues the plaintiff's Application does not assert the valuations of the units do not reflect market value but states instead the town is required to condemn the condominiums because substantially out of compliance with the applicable building code. This argument ignores the language of Paragraph 4 of each count which reads:
 "The fair market valuations of said unit owners' real properties placed thereon by said Assessors were not said percentages of their true and actual values or fair market value on said assessment date . . . but were and are excessive, disproportionate, and unlawful."
The defendant relies on Exhibit C of the Application which deals with structural conditions — specifically the alleged absence of required firewalls — as proof this action asserts in reality a building code violation and, thus, the need to exhaust the remedies specified in C.G.S. § 29-266. The language of the above quoted Application leaves no doubt what the plaintiff here contests is the units' fair market valuations upon which were based the tax assessments. Nothing in C.G.S. § 29-266 requires a taxpayer to appeal to a building appeals board or state standards committee before filing a tax appeal under either C.G.S. § 12-117a
(pursuant to which the first two counts are brought) or C.G.S. § 12-119 (pursuant to which the third court is brought). Nor did counsel at oral argument on April 5, 1999, cite any other authority requiring the exhausting of administrative remedies to perfect a tax appeal to the Superior Court. The defendant further posits the court should not decide this appeal without having had the benefit of the "expertise" the state codes and standards committee would provide and to decide this case without that guidance would run the risk of "misinterpreting the building code." Memorandum in Opposition to Motion to Strike at p. 4. While that committee may indeed have valuable input with regard to whether the units conform to the building code, the ultimate question of their fair market value and the correctness of the tax assessment is not within the bailiwick of either the building board of appeals or state committee on code standards.[3] The defendants' argument appears to suggest that the court either lacks jurisdiction (a special defense now withdrawn) or that it should not exercise its jurisdiction. The jurisdictional challenge raised by the defendant's earlier filed motion to dismiss and, then, its motion to strike the Application in its CT Page 4399 entirety was denied by two different sitting judges — Pickett, J. and Sullivan, J. "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the decision."Breen v. Phelps, 186 Conn. 86, 98 (1982). The law of the case is a flexible principle which expresses the practice of judges generally to refuse to reopen what has already been decided and is not a limitation on their power. Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the same case may treat that decision as the law of the case if it is of the opinion the issue was correctly decided and there is no new or overriding circumstance. Id. at 99, citingState v. Hoffler, 174 Conn. 452, 462-63 (1978). The law fully supports the earlier conclusions of Judges Pickett and Sullivan. C.G.S. § 29-266 (relied upon by the defendant) is not on its face applicable to tax appeals and does not require the exhausting of administrative remedies before instituting this appeal. Further, a claim under C.G.S. § 12-119 (as is the Third Count and to which Exhibit C of the Application refers) seeks to establish the tax imposed was based upon a manifestly excessive assessment which could have been determined only by disregarding the statutory provisions for determining the value of real property. CarolManagement Corp. v. Board of Tax Review, 228 Conn. 23. 30-31
(1993). That is precisely the claim of Paragraph 4 of each of the plaintiff's causes of action.
The Second Special Defense to each count therefore lacks legal sufficiency and is stricken.
The Fifth Special Defense to all counts alleges the court lacks jurisdiction to hear this Application because, in a prior pending action, Pickett, J. granted summary judgment for the defendant. No factual assertions in support thereof are made. This state's Supreme Court has made clear the fundamental purpose of a special defense is to apprise the court and opposing counsel of the issues to be tried to avoid surprise at trial. Bennett v.Automobile Insurance Co. of Hartford, 230 Conn. 795. 802 (1994). The purpose of the special defense is to "plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73 (1992); Practice Book Section10-50. Where the special defense fails to allege facts upon which they rely, a motion to strike is appropriately granted. See CarolSmith v. Thomas Walsh, CV 97 0406487, 23 Conn. L. Rptr. No. CT Page 4400 16,557 (March 15, 1999).
The prior pending case, Mountaindale Condominium Association,Inc. v. Zappone, et al, is not a tax appeal and Zappone is not a party in the case before this court. Yet the defendant argues that to hear this case is to risk inconsistent verdicts and/or double recovery (The case against Zappone, the builder, was settled.). No verdict is inconsistent with another when the issue being litigated differs. Even if it is so that this plaintiff eventually recovers here, this court cannot conclude the Association will have been paid twice for the same alleged wrongdoing since the prior pending action sounded in tort and the claim of potential double recovery appears misleading.[4] Thus, no issue considered and decided by Pickett, J. in that motion for summary judgment is determinative — or even instructive — on the issues presented in this Application.
The Fifth Special Defense to all counts is legally insufficient because it lacks the necessary factual allegations to support its conclusions. That special defense is stricken.
The Seventh Special Defense to Count 2 (with regard to 58 unit owners) alleges the Association lacks standing to appeal under C.G.S. § 12-117a in that (a) it is not aggrieved and (b) it failed to file a written tax appeal by March 20, 1998, under C.G.S. §§ 12-111, 12-112, and 12-113. The Eighth Special Defense to the Second Count re-asserts sub-section (b) as just above stated. The plaintiff has moved to strike these defenses as legally insufficient and, in its supporting memorandum of law, relies upon Sullivan, J.'s decision of February 19, 1999, which denied the defendant's motion to strike the standing issue and found the unit owners' attempt to appeal through the Association was thwarted in a way impermissible as a matter of law.[5] The plaintiff also asserts Pickett, J. concluded, in a hearing he conducted with regard to the defendant's Motion to Dismiss the entire Application, that, with regard to the standing issue, he accepted in its entirety the testimony of the Association's president to the effect the town's assessor refused to accept a single application by the Association on behalf of all unit owners. Because Pickett, J. issued no written decision, it cannot be known whether this is true or on what grounds he found all issues in the plaintiff's favor. It is so that neither the Association, through its president, nor the 78 unit owners ever filed written appeals as required by C.G.S. §§ 12-111 and 12-112. In their memoranda, the parties focus on whether the town CT Page 4401 assessor's interpretation of her statutory duties — i.e., that she could not take a single application but required an application by each unit owner — improperly denied the Association's right to appeal. The plaintiff additionally cites as authority for its conclusion numerous cases which essentially held a town employee's mistake cannot defeat a statutory right of appeal. Defendant likewise cites numerous cases which essentially held tax appeals are statutory creatures and strict compliance with conditions precedent — i.e., as here, the requirement of a writing — is required to maintain this action.
The procedural posture under which these claims are now raised differ markedly from the circumstances under which they were first raised and considered. Earlier the defendant sought to preclude the maintenance of the action whereas it now seeks to assert these claims as special defenses to this action. While these special defenses are not among those enumerated in Practice Book Section 10-50 as having to be specifically asserted, the defendant is not foreclosed from asserting them. Additionally, decisional law makes clear a municipality cannot be estopped by the unauthorized acts of its officers. Dickau v. Glastonbury,156 Conn. 437, 442 (1968).
That portion of the Seventh Special Defense to the Second Count which alleges the Association lacks standing because not aggrieved is, in the absence of facts to support that conclusion, legally insufficient and is stricken. The remaining portion of that special defense and the Eighth Special Defense to the Second Count shall stand.
The Seventh Special Defense to the First Count (with regard to 57 unit owners) states the Association lacks standing because not aggrieved and because it failed timely to file a written appeal as required by statute. For the same reason this court has earlier herein concluded the Association has standing to maintain this appeal on behalf of the 57 owners who have filed a timely writing, the motion to strike this special defense is granted.
The Eighth Special Defense to the Third Count simply asserts the Association lacks standing because not aggrieved. No facts in support of this conclusion are offered and, thus, the defense is legally insufficient and is stricken.
The Sixth Special Defense to all counts alleges the Association lacks standing to appeal under Connecticut General CT Page 4402 Statute § 47-244(c)(4).[6] There being no such statutory reference, the motion to strike is granted.
The plaintiff's motion to strike is granted with regard to the Second, Fifth, and Sixth Special Defenses to all counts, that portion of the Seventh Special Defense to the Second Count which alleges the Association is not aggrieved, the Seventh Special Defense as to the First Count, and the Eighth Special Defense to the Third Count.
The motion to strike is denied as to the remaining portion of the Seventh Special Defense to the Second Count and the Eighth Special Defense to the Second Count.
B.J. SHEEDY, JUDGE