[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This appears to be a case of first impression in Connecticut.
The following facts are undisputed. On June 3, 1994 at approximately 2:30 PM the plaintiff, Arshon Thomas, who was then age 15, was a passenger in a motor vehicle driven by a fellow student, Christopher Quealy, (hereinafter "Quealy"). Quealy lost control of the automobile causing it to flip over onto its roof and crash into a tree causing plaintiff personal injuries. The automobile was taken by Quealy without the owner's permission. The insurance carrier for the motor vehicle denied liability coverage because of Quealy's non-permissive use of the motor vehicle. The defendant had issued an auto insurance policy to the plaintiff's mother, Nadine Thomas, (hereinafter referred to as the "mother"), which policy provided uninsured motorist coverage. The plaintiff is an insured under said policy. The automobile in which the plaintiff was a passenger was an uninsured motor vehicle.
Defendant has filed three special defenses, and the plaintiff has moved for summary judgment as to the second and third special defenses. The second special defense claims an offset for basic reparations benefits paid to plaintiff, in effect claiming collateral source offset. C.P.B Section 10-78 specifically prohibits the pleading of collateral source payments as described in C.G.S. Section 52-225a and 52-225b. Basic reparations benefits CT Page 6707 which are pleaded as an offset in the second special defense are included under the definition of collateral sources in C.G.S. Section 52-225b. Defendant cites Benett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 806 (1994) for the proposition that issues of policy limitation must be raised by a special defense. Collateral source is not a policy limitation. The defendant has properly pleaded policy limitation in the first special defense. However, the second special defense is not a policy limitation but rather a collateral source payment. Under C.P.B. Section10-78 such a special defense is prohibited. However, CPB Sec. 17-44 does not provide for summary judgment as to special defenses.[1]
The real issue concerning these motions for summary judgment is in regard to the third special defense which states that "Plaintiff is barred from recovery because at the time of the accident he was using a car without the permission of the owner."
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v.Graham, 161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffe v. New York, New Haven and H.R.Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v.Gray, 26 Conn. App. 293, 296-97 (1991).
 ISSUES I. It is well settled law that "It is the function of the court to construe the provisions of the contract of insurance."O'Brien v. United States Fidelity Guaranty Co., 235 Conn. 837, CT Page 6708 842 (1996).
1. Defendant claims that because this was a one car accident, the plaintiff was not "struck" and, therefore, there is no uninsured coverage, citing the following language in the policy:
 "We promise to pay damages, excluding punitive or exemplary damages other than those vicariously imposed that the owner or operator of an uninsured or underinsured motor vehicle is legally obligated to pay because of bodily injury you suffer in a car accident as a result of having been struck by an uninsured or underinsured motor vehicle."
The court is not persuaded for the following reasons:
A. Such language is an expansion of the limitations of an uninsured motorist provision of an insurance policy and, therefore, is in violation of C.G.S. Section 38a-336 (a)(1) which provides in pertinent part:
 "Each automobile liability insurance policy shall provide insurance, herein called uninsured . . . motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles . . . because of bodily injury, including death resulting therefrom . . ."
There is no limitation under that statute and the regulations, Section 38a-334-6 (a) that an insured has to be "struck" by an uninsured or underinsured motor vehicle. It is also well settled law that an insurer may not, by contract, reduce its liability for uninsured motorist coverage unless specifically authorized by state insurance regulations. There is no authorization for this additional limitation, and, therefore, it is not valid.
B. Defendant's interpretation of the words "struck by" is tortuous at best. Defendant claims that the plaintiff would have to have been struck by another vehicle than the one in which he was a passenger. A logical reading of the words "struck by" an uninsured motor vehicle includes the vehicle in which the plaintiff was riding.[2] In order to have sustained his injuries, it is clear that he was hit by or struck by a part of that motor vehicle. CT Page 6709
Accordingly, not only is the language invalid as a limitation, but the words by themselves do not exclude coverage of the plaintiff in this situation.
II. Defendant claims that the language on Page 1 of the subject policy that states "We insure other cars you use with thepermission of the owner . . . " (emphasis added) applies to the plaintiff under the uninsured provision of the policy and that it is the burden of the plaintiff to prove that he had permission of the owner. Defendant further claims that even if there was permissive use, there was no uninsured coverage. Defendant claims that the provision that "we insure other cars you use with the permission of the owner" and that pursuant to the uninsured endorsement of the policy, the policy excludes "a car we insure . . . ". This claim is without merit. The latter position is very close to doubletalk and is probably unintelligible to the average policy holder. On one hand, the defendant says it insures cars you use (and a passenger has been defined as "using" the car), and then, in the uninsured motorist section, coverage is excluded for a car the defendant insures. Also, it is contrary to the legislative intent. In Connecticut, the legislative intent behind the underinsured (uninsured) motorist statutes has been defined repeatedly as "to assure that every insured recovers damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance'" (citations omitted). United States Fidelity andGuaranty Company v. Pitruzzello, 35 Conn. App. 638, cert. denied,231 Conn. 933 (1994).
Further, under the ruling of Harvey v. Travelers IndemnityCo., 188 Conn. 245, 248 (1982), uninsured motorist coverage "attaches to the insured person, not the insured vehicle." Therefore, the exclusion for "a car we insure" is invalid.
III. The final dispute between the parties is whether the plaintiff, who is admittedly an "insured" under the policy, is excluded from benefits if he used the vehicle without the permission of the owner. Plaintiff contends that the provision on the first page of the policy that says in pertinent part under"CARS WE INSURE", subparagraph "OTHER CARS":
"We insure other cars you use with the permission of the owner . . . "
applies only to the liability portion of the policy and not to CT Page 6710 the uninsured motorist provision of the policy. The court finds that this is not in the provision concerning liability insurance. That is on page 3, and this provision is on page 1, providing a definition of cars that the defendant insures. Defendant claims that since the language is on page 1, and the policy must be read as a whole, that it applies to uninsured motorist coverage even though that section does not have a specific exclusion for non-permissive use.[3] Plaintiff claims that in order to apply to uninsured motorist coverage, the exclusion must be in the uninsured motorist section of the policy.
The court agrees with the plaintiff for the following reasons:
 A. Under "UNINSURED MOTOR VEHICLES" on Page 9 of the policy there is no provision that it must be a motor vehicle which is used by the insured with the permission of "EXCLUDED UNINSURED MOTOR VEHICLES", there are three specific exclusions, and there is no exclusion for a car used by the insured without the permission of the owner. Under the rules of statutory construction, which can be applied to this contract as well, the defendant had an opportunity to put in the "EXCLUDED UNINSURED MOTOR VEHICLES" on Page 9 the exclusion for vehicles used by the insured without the permission of the owner. and did not do so, and, therefore, did not intend to do so. Further, it is a well settled principle that the exclusion of one is the inclusion of another. Here, on Page 9 the policy excludes three situations in which a vehicle is not considered an uninsured motor vehicle. Therefore, "UNINSURED MOTOR VEHICLES" does include the motor vehicle used by the insured without included under the permission of the owner since it is not an exclusion those "EXCLUDED".
 B. Under Harvey v. Travelers Indemnity Co., supra, as stated above the coverage attaches to the insured person, not the insured vehicle. Therefore, the exclusion from what is stated as uninsured motor vehicles does not apply since the coverage attaches to the insured plaintiff and not to the motor vehicle itself.
 C. Additionally, if there is a question between the meaning of the exclusions on Page 9 under "UNINSURED MOTORIST INSURANCE" and the exclusion or inclusion on Page 1 of CT Page 6711 "CARS WE INSURE", "We insure other cars you use with the permission of the owner", then the policy is ambiguous. It is well settled law that contracts of insurance which are prepared by the insurance company, where ambiguous, must be construed in favor of the policy holder and insured. Also, in construing any limitation of liability of an uninsured motorist carrier to honor its obligations under the policy, the courts must construe the provisions of such limitations or exclusion against the insurer. American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 196 (1987). Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 544-545 (1996).
 D. Defendant has argued that it was not the intent or expectation of the mother of the insured when she purchased the policy that if her son were to be involved in the theft of a motor vehicle or using same without the permission of the owner, there would be coverage. However, her actual intent is unknown and she probably never considered this issue. There is no evidence that this was explained to her, and she probably assumed, if she though about it at all, that she had purchased uninsured motorist coverage. It is fundamentally unfair to expect an insured, who is a lay person, to understand the intricacies of an insurance policy's terms, especially this policy which is termed "Plain Talk" but which is, nevertheless, convoluted at best.[4]
Defendant may argue that it is against public policy to cover someone who is involved in using a car without the owner's permission. However, that exclusion should have been in the uninsured motorist section.
For the reasons above stated, the court must find against the defendant based upon the language of the policy itself which should be interpreted in favor of the insured. If the defendant wanted to exclude non-permissive use under the uninsured motorist section of the policy, it should have included such exclusion in that section. It can still do so for future policies. If a statutory revision is required to permit an exclusion for non-permissive use, then it is up to the legislature to make the amendment necessary to achieve that result.
Whether the plaintiffs use of the vehicle was without permission is not material because there is no exclusion for CT Page 6712 non-permissive use as to the uninsured motorist coverage.
There is no genuine issue of material fact, and the plaintiff is entitled to judgment as a matter of law.
Accordingly, the defendant's cross motion for summary judgment is denied, and the plaintiff's motion for summary judgment dated March 11, 1999 as to the liability of thedefendant under the contract of insurance is granted.
Rittenband, J.