[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS
 I
The plaintiff, Omnipoint Communications, Inc ("Omnipoint"), has filed its "Motion to Strike," dated February 23, 2001, moving to strike each of the four Special Defenses raised by the defendant, the Guilford Planning Zoning Commission ("the Commission") in its "Answer, Special Defenses and Return of Record" dated January 16, 2001. Omnipoint also filed its "Motion to Strike Material from Return of Record," dated January 26, 2001, moving to strike five items included by the defendant in said Return of Record. The defendant Commission objected to both Motions and a hearing on said Motions was held on March 12, 2001.
 II
As to the motion to strike special defenses:
The defendant's First Special Defense is: "Plaintiff has failed to state a claim upon which relief may be granted."
One wishing to challenge the legal sufficiency of the allegations of a complaint may do so by filing a motion to strike the contested pleading or part thereof. Practice Book § 10-39. The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial, Gulack v. Gulack, 30 Conn. App. 305, 309.
The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action, Grant v. Bassman, 221 Conn. 465,472-73. Practice Book § 10-50. If, in filing its First Special Defense, the defendant intended to "apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway," Bennett v. Automobile Insurance Company ofHartford, 230 Conn. 795, 802, the defendant here has failed to do so. The defendant has pled no facts but merely stated a conclusion of law. The Court finds the defendant's First Special Defense legally insufficient and orders it stricken. CT Page 5597
The defendant's Second Special Defense is: "The Court lacks jurisdiction over plaintiff's claims."
Any defendant, wishing to contest the court's jurisdiction, "may do so . . . by filing a motion to dismiss . . ., Practice Book § 10-30. The motion to dismiss shall be used to assert, inter alia, (1) lack of jurisdiction over the subject matter, . . . Practice Book § 10-31
(a). This motion shall always be filed with a supporting memorandum of law, and, where appropriate, with supporting affidavits as to facts not apparent in the record, Id. Once raised, the issue of subject matter jurisdiction must be addressed by the court before proceeding further and the court must dismiss the action if it finds that it lacks such jurisdiction. Practice Book § 10-33, Statewide Grievance Committeev. Rozbicki, 211 Conn. 232, 245-46.
Here, we have no motion to dismiss, but rather a bare legal conclusion labeled as a "special defense." There is, of course, no memorandum in support of the claim that the Court lacks jurisdiction and no clue given as to what might be the basis of the claim. This special defense fails "to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until trial." Subsequently, in its "Reply Memorandum in Opposition to Plaintiff's February 9, 2001 Motion to Strike" the defendant offers a basis for its claim: in its memorandum the defendant asserts: "[T]he second special defense is proper because it raises the jurisdictional issue of the Court. Plaintiff claims in its complaint that the Commission's denial violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332 [c]. Because a federal violation is being claimed in this State Court action it is appropriate and necessary for defendant to raise the jurisdictional issue as a defense." A review of the plaintiff's complaint reveals the defendant's difficulty. In what appears otherwise to be a typical complaint by an applicant appealing a denial by a land use agency of its application we find paragraph 16:
"In denying the Application, the PZ violated the federal Telecommunications Act of 1946, U.S.C.S. 332(c) in that the denial prohibits or has the effect of prohibiting the provision of personal wireless services, resulted in unreasonable discrimination among providers of functionally equivalent services, and was not based on substantial evidence; as such, Omnipoint will commence an action in the United States District Court for the District of Connecticut to redress such violation."
It appears that it is this particular allegation of the plaintiff's complaint that defendant seeks to contest, Assuming, arguendo, paragraph 16 has no place in the complaint, its presence does not establish this CT Page 5598 Court's lack of jurisdiction over the subject matter of plaintiff's appeal. A motion to dismiss for lack of subject matter jurisdiction simply would not lie. The plaintiff's counsel acknowledges that the appeal before us is undertaken pursuant to General Statues, § 8-8, and that said appeal raises no issues under the telecommunications act. Apparently, in order to protect its position that this Court has no jurisdiction to adjudicate claims under said Telecommunications Act, the defendant filed not only a denial of paragraph 16, but its Second Special Defense. This course of action leaves the Court in a conundrum: we have a naked legal conclusion labeled as a special defense; we have no indication in such special defense as to the basis for the claim of lack of jurisdiction; and we have the strictures of the law, that once raised, the issue of subject matter jurisdiction must be addressed by the court before proceeding further, Statewide Grievance Committee v.Rozbicki, supra.
The solution is clear to the Court: the defendant failed to plead any facts in support of its special defense, the claim of lack "of jurisdiction over the plaintiff's claims" has yet properly to be raised. The defendant's Second Special Defense is legally insufficient and is ordered stricken.
The defendant's Third Special Defense is that it acted legally, properly and within its authority in denying the subject application in that the proposed location of the tower is on Open Space in the Walden Three Planned Residential District ("PRD") and that the special permit permitting said PRD requires said open space to be conserved and retained in its natural condition, with no building permitted thereon.
The thrust of the plaintiff's argument is: the Commission's decision must be based on facts appearing in the record; the defendant, in claiming the site at issue is open space and that the Commission by previous decision required said open space be retained in its natural condition, with no building permitted thereon, improperly seeks to place before the Court facts not included in the record, including facts derived from the 1973 "Walden Three" application for special permit and the defendant's decision on said application. The Court is not persuaded. The issue of the proposed site of the plaintiff's tower, its claimed status as open space and of restrictions placed upon the use of said space were widely addressed in the course of the hearings on the instant application. The plaintiff had notice of the claims as to the status of said site and restrictions as to its use, and the plaintiff had the opportunity to be heard on these issues. Having raised such claims by way of special defense, the defendant assumes the burden of establishing said claims by the requisite burden of proof. While the plaintiff may be correct in its claim that the Third Special Defense is not necessary, CT Page 5599 said defense is not barred. The plaintiff's motion to strike the defendant's Third Special Defense is denied.
The defendant's Fourth Special Defense is that to the extent the plaintiff's lease purports to give the plaintiff the right to build on the property at issue, it violates the Zoning Regulations of the Town of Guilford, and is ultra vires and void.
The lease at issue is part of the record (Return of Record, Exhibit 5). Again, the plaintiff claims the defendant improperly cites facts not properly a part of the record. Again, this has to do with the defendant referencing the 1973 "Walden Three" application and the defendant's decision on said application. The claim that any lease between the plaintiff and the lessor of the subject property, purporting to give the plaintiff the right to build a tower on the subject site is in violation of the zoning regulations, and thus ultra vires, is properly raised as a special defense. The defendant assumes the burden of establishing such special defense by the requisite burden of proof. The plaintiff's motion to strike the defendant's Fourth Special Defense is denied.
 III
As to the plaintiff's Motion to Strike Material From Return of Record: The plaintiff has moved to strike five documents from the Return of Record, namely exhibits nos. 19, 21, 22, 23 and 39 At the time of oral argument on the motion, the plaintiff's counsel acknowledged that exhibit 19 was properly included in the Return of Record and limited his motion to the remaining four documents. These documents relate to the 1973 "Walden Three" application for special permit for Planned Residential District. The plaintiff argues that said documents were never presented to the Commission nor made part of the file in the instant matter. As such, they are not part of the administrative record in this case, and should be removed from the Return of Record. The defendant argues that the issue of the status of the proposed site for the plaintiff's tower as open space and restrictions on the use of the site was widely discussed at the public hearings devoted to the plaintiff's application; that the Town Planner, George Kral was directed to review the Walden Three application and any restrictions placed on the site; that Kral did so and that the documents he reviewed include those at issue here. Therefore, claims the defendant, said documents are properly included in the Return of Record.
The Court will grant the motion to strike with regard to Return of Record, nos. 21, 22, 23 and 39. The documents at issue were not entered into the record at the time of public hearing nor did Kral indicate specifically in the course of his testimony that he had reviewed these documents. While commission members were free to credit Kral's testimony CT Page 5600 and any recommendations he might make, there is no indication that the commissioners had said documents before them prior to deciding the plaintiff's application. The Court finds the documents at issue did not form part of the record in this case. The plaintiff's Motion to Strike Material from Return of Record is granted.
This ruling, of course, does not preclude the defendant from seeking to introduce evidence in addition to the contents of the record, to General Statues, § 8-8(j).
By the Court
John T. Downey, Judge Trial Referee